UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MATTHEW J. FECTEAU,

       Plaintiff,

  -against-

The CITY OF MOUNT VERNON
The MOUNT VERNON DEPARTMENT OF BUILDINGS
The MOUNT VERNON POLICE DEPARTMENT
SERGEANT MARIO STEWART
DETECTIVE MONTIKA JONES
MS. CHARLENE HUMPHREYS

       Defendants,

-------------------------------------------------------X

**MEMO ENDORSED**

AFFIRMATION IN SUPPORT OF
FEDERAL INJUNCTION

## PRELIMINARY STATEMENT

1. I, Matthew Fecteau, the Plaintiff in this case, hereby file a motion pursuant to Federal Rule of Civil Procedure 65, seeking a federal injunction to restrain the Defendants, specifically the Mount Vernon Police Department (MVPD), the Mount Vernon Department of Building (MVDB), and those individuals expressly identified in my complaint, from taking any actions concerning my property located at 123 N 7th Ave, Mount Vernon, New York 10550, without obtaining a warrant through Due Process, exigent circumstances, or consent from those legally able to give consent. This injunction is sought to remain in effect until this Honorable Court issues a final judgment on the merits.

## BACKGROUND AND CONCERNS

2. Given the repeated violations of my constitutional rights and the harassment I have endured, it is not unreasonable to seek an injunction to prevent any further retaliatory actions by the City of Mount Vernon et al,. I hold genuine concerns that the Defendants may seek retribution against me, my property's tenants, and the contractors working on my premises without the necessary judicial oversight.

## INJUNCTION STANDARD

3. A federal district court may grant a preliminary injunction to impede "government actions taken in the public interest pursuant to a statutory or regulatory framework" only when the moving party has demonstrated (1) a likelihood of enduring "irreparable harm" without injunctive relief and (2) a "probability of prevailing on the merits of their claim," as established in Mastrovincenzo v. City of N.Y., No. 04-2264-CV, slip op. at 15, quoting Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 580 (2d Cir. 1989).

## IRREPARABLE HARM AND CONSTITUTIONAL RIGHTS

4. 4. It is essential to underscore that in the absence of a federal injunction, the Defendants' actions could lead to continuous violations of my constitutional rights and personal interests. This encompasses further encroachments on my constitutional rights, an unauthorized seizure of my property, and the possibility of incarceration or detainment by local authorities, as they have previously threatened to do over what they deemed "illegal" cement patching, on multiple occasions. Simply put, I am uncertain about the timing or circumstances under which the Defendants might appear on my property, using alleged minor infractions like cement patching, painting, caulking, gutter cleaning, or lock changes as pretexts to take additional unlawful actions, including unannounced visits, often prompted by anonymous complaints that can be filed by anyone, including the inspectors themselves.

5. These visits may involve them approaching me directly or my contractors, at times, coming within an inch of my face to announce they are there to "inspect." If anyone on the property demands a warrant, the MVDB calls the police and alleges they are being aggressive, and with MVPD support, they force their way onto and into my property with no warrant. The MVPD supports this, does not intervene, and in fact, facilitates this violation of my civil rights.

6. It is well-established that an "alleged violation of a constitutional right triggers a finding of irreparable injury," as cited in Conn. Dep't of Envtl. Prot. v. Occupational Safety & Health Admin., 356 F.3d 226, 231 (2d Cir. 2004), quoting Conn. Dep't of Envtl. Prot., 138 F. Supp. 2d at 291 and Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996).

7. In the present case, I allege that the Defendants have violated my First, Fourth, Fifth, and Fourteenth Amendment Rights. I firmly maintain that issuing a preliminary injunction is crucial to protect my constitutional rights. The harm I am likely to endure in its absence far outweighs any potential harm to the Defendants. I argue that granting the requested federal injunction is fundamentally in the public interest, as it aligns with the preservation of constitutional rights and the assurance of due process.

8. I have presented evidence that supports an ongoing violation of my Constitutional Rights and, therefore, a "probability of prevailing on the merits of my claim" exists. I have demonstrated that the activity occurring on my private property is protected in accordance with the Fourth Amendment, and I have incurred actual damages – repeated Civil Right Violations to include an unlawful seizure of my property forcing me to be homeless at one point.  If it pleases the court, I will submit further video to include video evidence of the near constant violations.

**REQUEST FOR EXPEDITED DISCOVERY**

9. Given the complexity of the issues at hand and the need for additional information to substantiate my claims, I respectfully request the opportunity to conduct expedited discovery as an integral part of these proceedings.

## CONCLUSION

10. For the reasons outlined above, I earnestly request this Court to grant the federal injunction sought. This will ensure the protection of my constitutional rights, prevent potential retaliatory actions, and safeguard the rights of my property's tenants and contractors. This injunction should remain in effect until a final judgment on the merits is rendered.

_____

DATED: Mount Vernon, New York
October 25th 2023


TO: Corporation Counsel,
City of Mount Vernon
North Roosevelt Square N#111
Mount Vernon, NY 10550

      Sincerely,

      /s/ Matthew J. Fecteau
      46 Gramatan Ave
      Unit 1036
      Mount Vernon, NY 10550
      401-225-0541
      Matthew.fecteau@gmail.com

Plaintiff requests a preliminary injunction preventing Defendants "from taking any actions concerning [his] property . . . without obtaining a warrant through Due Process, exigent circumstances, or consent from those legally able to give consent." (Dkt. No. 12 at 1.) "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (emphasis and quotation marks omitted)). "A party seeking a preliminary injunction must ordinarily establish (1) 'irreparable harm'; (2) 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party'; and (3) 'that a preliminary injunction is in the public interest.'" *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (quoting *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011)); *accord RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 119 (2d Cir. 2022).

Here, the Court concludes that Plaintiff failed to make the requisite showing of irreparable harm. As an initial matter, to the degree Plaintiff relies upon his allegations of *past* harm—as opposed to the likelihood of *future* harm—in support of his application, such reliance is plainly insufficient. *See Pirtek USA, LLC v. Zaetz*, 408 F. Supp. 2d 81, 84 (D. Conn. 2005) (explaining that because "a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits" to establish irreparable harm, a past injury alone "is insufficient to establish irreparable harm[ ]") (internal quotation marks omitted) (citing *Deshawn v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)); *see also Manrique v. State Farm Mut. Auto. Ins. Co.*, No. 21-CV-224, 2021 WL 5745717, at *9 (S.D.N.Y. Dec. 2, 2021) ("Absent a showing that future irreparable harms will come to pass without judicial intervention, Plaintiff is, at best, seeking injunctive relief to redress past alleged harms. This is not permitted."); *Santander Consumer USA, Inc. v. County of Suffolk*, No. 20-CV-2656, 2021 WL 4480574, at *14 (E.D.N.Y. Sept. 30, 2021) ("[P]ast harms cannot support a claim for injunctive relief[.]").

The Court also concludes that Plaintiff's "genuine concerns that [] Defendants may seek retribution" are wholly speculative. (*See* Dkt. No. 12 at 2.) Preliminary injunctive relief is available only to the extent the court finds that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original); *see also id.* at 22–23 ("Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." (emphasis added)). "Irreparable harm is 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Actavis PLC*, 787 F.3d at 660; *accord Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). Simply put, Plaintiff has failed to show that he faces "actual and imminent" future harm attributable to Defendants. (*See generally* Dkt. No. 12.)

In addition, the Court denies Plaintiff's requests that the Court expedite discovery in this case, (*see* Dkt. No. 12 at 3–4), and that it expedite the "legal proceedings" in this case more generally, (*see* Dkt. No. 26 at 1), as Plaintiff has failed to cite any legal authority that supports, or is even relevant to, his requests.

The Clerk of Court is respectfully directed to terminate the pending motion. (*See* Dkt. No. 12.)

SO ORDERED.

*[signature]*

4/2/2024