# MENZ BONNER KOMAR & KOENIGSBERG LLP

**ATTORNEYS AT LAW**

**800 WESTCHESTER AVENUE, SUITE 641-N**

TEL: (914) 949-0222     RYE BROOK, NEW YORK 10573     FAX: (914) 997-4117

www.mbkklaw.com

December 16, 2024

**BY ECF**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    Fecteau v. City of Mount Vernon, *et al.*
              Civil Case No. 7:23-cv-09173-KMK

## LETTER MOTION TO SEAL

Dear Judge Karas:

      This firm represents Non-Party Safety National Casualty Corporation ("Safety National"). We write pursuant to Section IX of Your Honor's Individual Rules of Practice, to request permission to file under seal the accompanying letter motion seeking relief as to Plaintiff Matthew J. Fecteau ("Plaintiff"), as delineated therein.

      This is a civil rights action, in which Plaintiff alleges various constitutional violations purportedly engaged in by certain public officials and the City of Mount Vernon ("Mount Vernon"). ECF Doc. No. 56. On October 31, 2024, Plaintiff filed a motion seeking to join Safety National as a third-party defendant, claiming that the participation of Safety National, who issued an insurance policy to Mount Vernon, is necessary to this action, and contesting Safety National's partial and conditional denial of coverage for certain of Plaintiff's claims. ECF Doc. Nos. 76-78. Safety National has opposed this motion, as Plaintiff lacks standing to pursue claims against it. ECF Doc. Nos. 93-94. On December 13, 2024, Plaintiff served a reply memorandum of law in further support of his joinder motion, and the matter is now *sub judice*.

      In addition, Plaintiff has served various additional motions seeking relief from Safety National in this action, despite the fact that Safety National is not a party to this action, including a motion to compel participation at a Rule 26(f) conference. Most recently, on December 6, 2024, Plaintiff served a motion seeking to compel Safety National to file a Federal Rule of Civil Procedure 7.1 Disclosure Statement. Safety National is neither a party to nor an intervenor in the pending lawsuit and, as such, is not subject to the disclosure requirements. *See* Fed. R. Civ. P.

7.1(a). Such seriatim motions constitute nothing more than attempts by Plaintiff to harass Safety National.

Alarmingly, recent events and communications from Plaintiff have crossed the line and have necessitated Safety National filing a motion to address Plaintiff's egregious conduct, which should remain under seal to avoid further distress and danger to our client. While Plaintiff has previously attempted to engage Safety National's counsel (and other counsel) via email and written correspondence about subject matters entirely inappropriate and unrelated to the substance of his claims, at 11:20 p.m. on December 11, 2024, Plaintiff wrote to Safety National's counsel in connection with a purported "demand for indemnification" for his claims that included entirely inappropriate, threatening, harassing and inflammatory statements. In addition to the confidential nature of the settlement demand that warrants sealing, Plaintiff's communication includes statements and references to conduct that is highly concerning given recent events and, for the reasons stated in the proposed sealed filing, warrants maintaining under seal.

We recognize that the public, generally, is afforded a right of access to "judicial documents," under both the First Amendment and the common law. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). A "judicial document" is a document that is "relevant to the performance of the judicial function and useful in the judicial process." *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). "A [f]inding that a document is a judicial document triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. County of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

The right of access, however, is not absolute. *Nixon v. Warner Commcn's*, 435 U.S. 589, 598 (1978); *see Lugosch*, 435 F.3d at 119-20. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Both the First Amendment and the common law provide a framework for determining whether judicial documents may be sealed from the public.

The First Amendment applies to judicial documents implicated in a court proceeding when (1) the documents "have historically been open to the press and general public" and "public access plays a significant positive role in the functioning of the particular process in question, or (2) the documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings. *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92-93 (2d Cir. 2004)). However, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *N.Y. Times Co. v. Biaggi*, 828 F.2d 110, 116 (2d Cir. 1987)).

Under the common law, after the court has determined that the documents are judicial documents, it determines the weight of that presumption. *Lugosch*, 435 F.3d at 119. Then, after determining the weight of the presumption of access, the "court must balance the competing considerations against it," which include "(i) the danger of impairing law enforcement or judicial

Hon. Kenneth M. Karas
December 16, 2024
Page **3** of **3**

efficiency and (ii) the privacy interests of those resisting disclosure." *U.S. v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995).

In the present situation, Safety National's letter submission does not implicate the merits of any pending claims in the proceeding but rather addresses extraneous matters that implicate this Court's inherent functions to maintain proper decorum, address inappropriate behavior and ensure the protection and safety of litigants, counsel and non-parties. It is respectfully submitted that the sealing of Safety National's letter motion is necessary to preserve such higher values, not interfere with or impair law enforcement inquires that may be made pertaining to such matters, preserve the confidential nature of settlement demands and help protect and ensure the safety and well-being of non-parties implicated by the conduct and recent events. As detailed in the accompanying sealed filing, the matters addressed by Plaintiff's recent conduct seriously fall within this category of higher values that call for the sealing of the filing. While it is incumbent on Safety National to inform the Court of the inappropriate and extremely concerning communication, unsealing and publicizing the communication would also potentially put Safety National, its employees and its counsel unnecessarily at risk.

Safety National thanks the Court for its time and consideration in connection with this matter.

Respectfully submitted,

*Michael S. Komar*

Michael S. Komar

Non-Party Safety National's Motion to Seal is GRANTED. While the Court is not prejudging the merits of Safety National's Motion for Sanctions, the Court recognizes Safety National's concerns about potentially incendiary statements and will keep all sealed materials non-public until the matter is resolved.

Plaintiff is ordered to respond to Safety National's Motion for Sanctions (Dkt. No. 96) by no later than January 10, 2025. Plaintiff's filing must be made presumptively under seal or else Plaintiff will face sanctions.

SO ORDERED.

12/17/2024