UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. FECTEAU,

                Plaintiff,

    -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                Defendants.

**OMNIBUS ORDER**

23 Civ. 09173 (KMK)(JCM)

------------------------------------------------------------X

      Presently before the Court are ten motions filed in quick succession. On November 11, 2024, Plaintiff Matthew Fecteau ("Fecteau" or "Plaintiff") filed a motion to compel Defendants the City of Mount Vernon, Sergeant Mario Stewart, Detective Montika Jones, Charlene Humphreys, Dawnette McClaren-Nelson, David Gibson, and Patrick Holder (collectively, "Defendants") or non-party Safety National Casualty Corporation ("Safety National") to produce Safety National's insurance policy and imposing sanctions and costs. (Docket No. 84). On November 14, 2024, Plaintiff filed a motion to compel a Rule 26(f) conference. (Docket No. 88). On December 16, 2024, Safety National filed a motion for sanctions, asking the Court to stop Plaintiff from threatening Safety National. (Docket No. 96). On December 16, 2024, Plaintiff filed a motion to compel Safety National to file a Rule 7.1 Disclosure Statement. (Docket No. 100). On December 18, 2024, Plaintiff filed another motion to compel Safety National to file a Rule 7.1 Disclosure Statement. (Docket No. 110). On December 31, 2024, Plaintiff filed a motion for judicial notice of municipal court records. (Docket No. 116). On January 6, 2025,

-1-

Plaintiff filed a motion to strike Safety National's motion for sanctions and to sanction Safety National. (Docket No. 120).  On January 27, 2025, Plaintiff filed a motion for judicial notice of facts relating to the Mount Vernon Police Department's Internal Affairs Bureau ("IAB") investigation into Defendant Sergeant Mario Stewart. (Docket No. 142).  On January 31, 2025, Plaintiff filed another motion for judicial notice of Defendants' alleged ongoing violations, judicial notice of an order to show cause in state court, and to issue a declaratory judgment. (Docket No. 145).  On February 14, 2025, Plaintiff filed a motion for judicial notice of the state court decision in his neighbor's case. (Docket No. 151).  For the reasons set forth herein, the motions are granted in part and denied in part.

I. BACKGROUND

A. Relevant Facts

The Court includes only the facts necessary to resolve the pending motions.  Plaintiff filed a Complaint, *pro se*, against Defendants on October 18, 2023, asserting violations of his civil rights, due process, and the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. (Docket No. 1).  On April 30, 2024, Plaintiff filed an Amended Complaint, asserting largely the same causes of action. (Docket No. 56).  In his Amended Complaint, Plaintiff alleges that when he returned from military deployment, he found the City of Mount Vernon (the "City") had physically claimed his property after he had filed a complaint against the Mount Vernon Department of Buildings ("Department of Buildings"). (*Id.* at 2-3).  Plaintiff asserts that he had tried to evict a non-paying tenant but that the City had required him to ensure the tenant's health and safety, rendering Plaintiff homeless. (*Id.* at 3).  He also contends the City prevented his contractors from working on his home, demanding cash payments for the ongoing construction fines. (*Id.* at 8-9).  Plaintiff claims that the City officials illegally searched and entered his property on multiple occasions. (*Id.* at 8-10).  He also alleges that he requested

assistance from the Mount Vernon City Government, but the officials ignored his complaints and dismissed his concerns. (*Id.* at 12). Plaintiff asserts four causes of action: (1) a Section 1983 claim for First Amendment retaliation; (2) a Section 1983 claim for unlawful entry in violation of the Fourth Amendment; (3) a Section 1983 claim for the denial of due process/property seizure under the Fifth Amendment; and (4) a *Monell* claim against the City. (Docket No. 56).

**B. Procedural History**

On July 1, 2024, Defendants moved to dismiss the *Monell* claim, (Docket No. 67), which is *sub judice*. On October 31, 2024, Plaintiff moved to compel the joinder of Safety National. (Docket No. 76). That motion is also *sub judice.* Both motions will be decided by the Honorable Kenneth M. Karas. Since November 2024, Plaintiff and non-party Safety National have filed numerous motions, which the Court now decides. (Docket Nos. 84, 88, 96, 100, 110, 116, 120, 142, 145 and 151). The Court will address each motion in turn.

**II. DISCUSSION**

**A. Motion to Compel Production**

On November 11, 2024, Plaintiff moved to compel Defendants and Safety National to produce the insurance policy at issue. (Docket No. 84). Plaintiff also asks the Court to impose sanctions and award costs relating to the motion. (*Id.*). Plaintiff claims that Defendants violated Rule 26 of the Federal Rules of Civil Procedure when they failed to produce the insurance policy and have therefore impacted Plaintiff's ability to prepare his case. (Docket No. 85). Plaintiff asserts he has "repeatedly requested that Defendants produce the insurance policy" and only received a partial copy after submitting a Freedom of Information Law ("FOIL") request. (Docket No. 86 at 1-2). He claims he formally requested a copy of the insurance policy from Safety National on November 8, 2024, but Safety National declined his request on the grounds that it is a non-party with no discovery obligations. (*Id.* at 2-3).

In opposition, Safety National asserts that Plaintiff's November 15, 2024 letter to the Court "confirms that Defendant Mount Vernon has provided him with a copy of the insurance policy issued to it by Safety National and thus renders his motion to compel production of the same moot." (Docket No. 93 at 1, n.1). Plaintiff confirms his receipt when he "extend[s his] gratitude to the defendants and third-party representatives for their cooperation in providing a copy of the Safety National insurance policy in response to [his] request" in his November 15, 2024 letter to the Honorable Kenneth M. Karas. (Docket No. 87 at 1). In addition, Plaintiff attaches the insurance policy at issue as Exhibit A to this letter. (Docket No. 87 at 3). Therefore, the Court agrees that the issue is now moot since Plaintiff has a copy of the requested insurance policy.

Plaintiff also seeks sanctions under Federal Rule of Civil Procedure 37(c)(1) for Defendants' failure to comply with their Rule 26(a) disclosure obligations. (Docket No. 85 at 3). However, since the Court has not held a Rule 16 conference and no Case Management and Scheduling Order has been issued, the Rule 26(a) initial disclosure obligations have not been triggered. Fed. R. Civ. P. 26(a)(1)(C). Thus, sanctions are not warranted.

Accordingly, Plaintiff's motion to compel the production of the insurance policy and for sanctions is denied.

**B. Motion to Compel Rule 26(f) Conference**

On November 14, 2024, Plaintiff moved to compel a Rule 26(f) conference. (Docket No. 88). Plaintiff states that the parties need a Rule 26(f) conference to "clarify and streamline discovery requirements, establish appropriate deadlines, and ensure the orderly management of this case, particularly concerning the *Monell* claim." (*Id.* at 2).

On December 6, 2024, non-party Safety National opposed this request, stating Plaintiff could "not compel Safety National or other non-parties to either appear for discovery

conferences or entertain his demands for discovery and irrelevant fishing expeditions." (Docket No. 93 at 2).  Safety National argues that its insurance policy does not relate to the claims at issue, and that Plaintiff's "claims are frivolous, intended to harass, and serve no legitimate purpose." (*Id.* at 6).  Safety National notes it has been "required to expend significant attorneys' fees and costs to respond to multiple motions, none of which has any basis in law." (*Id.*).

On December 6, 2024, Defendants City of Mount Vernon, Commissioner Patrick Holder, Commissioner David Gibson, Sergeant Mario Stewart, Montika Jones, and Dawnette McLaren-Nelson (the "City Defendants")[1] opposed the request for a Rule 26(f) conference. (Docket No. 94).  The City Defendants assert that the Rule 26(f) conference "must be held within 21 days of the scheduling of the initial case management conference pursuant to Rule 16 of the Federal Rules." (*Id.* at 2) (citing Fed. R. Civ. P. 26(f)).  The City Defendants also maintain that "discovery will run more efficiently if the scope of the action, and thus the scope of discovery, is determined first," asserting the Court should not schedule the Rule 16 conference until after it rules on the pending motion to dismiss the *Monell* claim. (*Id.* at 3).  Lastly, the City Defendants contend that the pending criminal case against Plaintiff, *People v. Matthew James Fecteau,* CR-00915-23, would impact Plaintiff's claims in the present case. (*Id.*).

On December 16, 2024, Plaintiff filed a reply. (Docket No. 104).  Plaintiff argues that the requirement of a Rule 26(f) conference "exists regardless of pending motions," that delaying discovery would prejudice Plaintiff because the City has already destroyed body-worn camera footage, and the criminal case is legally distinct. (*Id.*).  On December 18, 2024, Plaintiff filed another reply, which appears identical to the first reply. (Docket No. 113).

---

[1] Defendant Charlene Humphreys has separate counsel.

The Court denies Plaintiff's request to compel a Rule 26(f) conference. Rule 26(f) provides that the parties must "confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Since a Rule 16 conference has not been scheduled, it is premature to hold a Rule 26(f) conference. In addition, the parties may not engage in discovery until the Honorable Kenneth M. Karas holds a Rule 16 conference and enters a Case Management and Scheduling Order.

**C. Safety National's Motion for Sanctions**[2]

On December 16, 2024, non-party Safety National filed a letter motion for sanctions, following a threatening e-mail Plaintiff sent to Safety National's counsel. (Docket No. 96). The letter references an e-mail Plaintiff previously sent on December 12, 2024, at 11:20 p.m., which includes a "demand for indemnification," and states, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*Id.* at 2). The e-mail then asks Safety National to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*Id.*). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*Id.*). Safety National asks the Court to stop Plaintiff from making such threats ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*Id.* at 3).

---

[2] The Court has redacted sections of this Order that contain information from letters that the Honorable Kenneth M. Karas has previously sealed. (*See* Docket No. 106). The unredacted version will be filed under seal and available to all parties and non-party Safety National.

Plaintiff opposed this request,  (Docket No. 103 at 2). (*Id.*). (*Id.* at 4). (*Id.*).

On December 17, 2024, Safety National submitted a reply, sharing another e-mail received from Plaintiff. (Docket Nos. 107, 108). The new e-mail, sent earlier on December 17, 2024, states, (Docket No. 108-1 at 2).

The Court directs Plaintiff to cease threatening Safety National's counsel and employees. As the Court reminded Plaintiff at the Telephone Conference on February 21, 2025, Judge Karas has already asked Plaintiff to "cease direct contact with the Defendants in this case" and only contact their attorneys due to prior inappropriate behavior. (Docket No. 62). This order was in response to e-mails Plaintiff sent to the parties and employees of the City, the content of which "has raised concerns." (Docket No. 61). Recently, the City Defendants noted that Plaintiff has continued to contact the City's corporation counsel and his staff using "inappropriate language." (Docket No. 150 at 2-3). Plaintiff appears to be repeating the same conduct with Safety National. "'The Second Circuit has repeatedly upheld sanctions against parties who use disrespectful and inappropriate language,' to threaten, insult, or abuse a party or judge." *James v. Kuhnle*, 19-CV-1175 (KAM)(JMW), 2022 WL 2046679, at *2 (E.D.N.Y. June 7, 2022)

(citations omitted).³ Courts have dismissed a *pro se* Plaintiff's claims with prejudice where the Plaintiff made threats of personal harm to defense counsel and a sitting judge. *See id.* at *3. Such "[t]hreatening and personally insulting language of the sort Plaintiff has used toward [Safety National's] counsel for merely doing his job as counsel for [Safety National] has no place in litigation – whether in court or when interacting with opposing counsel on matters related to the litigation — and is completely inappropriate. Plaintiff is warned that further conduct of the sort described above will result in sanctions up to and including dismissal of [his] action." *Williams v. NYC Bd. of Elections*, 23-CV-5460 (AS)(KHP), 2024 WL 2701948, at *1 (S.D.N.Y. May 23, 2024). Accordingly, as discussed in the February 21, 2025 Telephone Conference, the Court directs Plaintiff to cease sending threatening, harassing, and intimidating communications to Safety National and its counsel. Failure to do so may result in sanctions, including but not limited to dismissal of this action.

**D. Plaintiff's Motion to Strike and for Sanctions**

On January 6, 2025, Plaintiff filed a motion to strike non-party Safety National's motion for sanctions and requests the Court issue sanctions against Safety National ██████

████████████████████████████████████████████████████

(Docket No. 120). ████████████████████████████████████

████████████████████████████████████ (Docket No. 121 at 2). █

████████████████████████████████████████████████████

████████████████████████████████████

████████████ (*Id.*).

---

³ If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

Safety National opposed the motion on January 24, 2025, arguing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Docket No. 133 at 1). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 2), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 2, n.1). Plaintiff submitted a reply on January 27, 2025, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Docket No. 135 at 2). He repeats his request for Rule 11 sanctions, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 3).

The Court denies the motion to strike and for sanctions. While Plaintiff cites to Federal Rule of Civil Procedure 12(f) as the basis for his motion to strike, Rule 12(f) only permits a court to strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Safety National's motion for sanctions is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining permitted pleadings). "Rule 12(f) 'allows a court to strike pleadings only' . . . Pleading[s] are complaints, answers, cross- and counterclaims." *Katz v. Mogus*, No. 07 Civ. 8314 (PKC)(KNF), 2009 WL 3189342, at *5 (S.D.N.Y. Oct. 6, 2009) (citation omitted) (denying motion to strike plaintiff's opposition to the motion to dismiss), *report and recommendation adopted*, 2009 WL 5173789 (S.D.N.Y. Dec. 30, 2009). "Motions, declarations, and affidavits are not pleadings." *Huelbig v. Aurora Loan Servs., LLC*, No. 10 Civ. 6215 (RJH)(THK), 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011) (citing Fed. R. Civ. P. 7(a) and denying plaintiff's motion to strike defendant's opposition to the motion for leave to file

a second amended complaint), *report and recommendation adopted*, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011).  In addition, contrary to Plaintiff's argument that Safety National has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Docket No. 121 at 3-4), Docket Nos. 96 and 97 are filed under seal and therefore not publicly available.  Accordingly, the Court will not strike Safety National's motion for sanctions.

Further, the Court denies Plaintiff's request for Rule 11 sanctions on several grounds. First, "the Court may impose sanctions if the offending attorney responsible for the submission is found to have acted with 'objective unreasonableness.'" *Patrizzi v. Bourne in Time, Inc.*, No. 11 Civ. 2386 (PAE), 2013 WL 316148, at *2 (S.D.N.Y. Jan. 28, 2013) (citation omitted); *see also Sanderson v. Leg Apparel LLC*, 1:19-cv-8423-GHW, 2024 WL 498094, at *2 (S.D.N.Y. Feb. 8, 2024).  Safety National has not acted with "objective unreasonableness" in seeking the Court's protection from Plaintiff's threatening and harassing behavior.  Additionally, because Safety National's allegations of Plaintiff's statements are "factually supported," they do not violate Rule 11. *See Sanderson*, 2024 WL 498094, at *4.  Safety National provided such factual support in attaching the offending e-mails to its submissions. (Docket Nos. 97-1 at 2; 108-1 at 2).  Second, a party may not seek Rule 11 sanctions against a non-party. *See Miller v. Annucci*, No. 17-CV-4698 (KMK), 2019 WL 4688539, at *6, n.3 (S.D.N.Y. Sept. 26, 2019); *see also Brown v. Trovato*, 23-CV-9895 (JGLC)(KHP), 2025 WL 81399, at *2 (S.D.N.Y. Jan. 11, 2025); *see also U.S. Fire Ins. Co. v. Jesco Const. Corp.*, No. 03 Civ. 2906 SAS, 2003 WL 21689654, at *5 (S.D.N.Y. July 16, 2003).  Thus, Plaintiff cannot seek sanctions against non-party Safety National.  Third, "a party moving for Rule 11 sanctions must do so in a filing 'made separately from any other motion.'" *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010) (quoting Fed. R. Civ. P. 11(c)(2)).  Because Plaintiff included his request for Rule 11 sanctions in his motion to strike, he does not meet the requirements of Rule 11.  This filing

requirement "provides filers with a 'safe harbor' from sanctions" by providing the alleged violator 21 days to withdraw or correct the document in question. *Sanderson*, 2024 WL 498094, at *1 (citation omitted). Plaintiff has not followed this procedure.

Accordingly, the Court denies Plaintiff's motion for sanctions.

**E. Plaintiff's Motion to Compel Safety National to File a Rule 7.1 Statement**

On December 16, 2024, Plaintiff filed a motion to compel Safety National to file a Rule 7.1 disclosure statement. (Docket No. 100). Plaintiff argues that Rule 7.1 "applies to all non-governmental corporate parties in federal litigation," including corporations "not named as formal parties." (Docket No. 101 at 2). He claims that Safety National's "corporate relationships directly influence its participation in this litigation" and that he and the Court cannot assess "potential conflicts of interest" without the Rule 7.1 Statement. (*Id.* at 2-3). On December 18, 2024, Plaintiff filed another motion to compel Safety National to file a Rule 7.1 disclosure statement. (Docket No. 110). Other than Plaintiff's signature date and location, the memoranda of law in support of these motions appear identical. (Docket Nos. 101, 111). On December 20, 2024, non-party Safety National opposed the motion. (Docket No. 114). Safety National argues that only "parties" and those seeking to intervene must file a Rule 7.1 disclosure statement. (*Id.* at 1).

On January 13, 2025, Plaintiff filed a reply in further support of its motion to compel a Rule 7.1 disclosure. (Docket No. 123). Plaintiff contends that "courts possess inherent authority to extend its principles of transparency and conflict avoidance to non-parties in certain circumstances." (*Id.* at 2). On January 28, 2025, Plaintiff filed a declaration in additional support of the motion to compel a Rule 7.1 disclosure statement. (Docket No. 139). Plaintiff mockingly quotes Safety National and its parent company's principles of transparency. (*Id.* at 2). Plaintiff asserts that Safety National should have conducted a thorough investigation into his claim, and

its resistance places him and the City at a disadvantage. (*Id.* at 3). Then, Plaintiff provides a proposed Rule 7.1 disclosure statement for Safety National. (*Id.* at 13).

The Court denies Plaintiff's motion to compel Safety National to file a Rule 7.1 disclosure statement. As the plain language of the rule provides, only a "nongovernmental corporate *party* or a nongovernmental corporation that *seeks to intervene* must file a statement." Fed. R. Civ. P. 7.1(a)(1) (emphases added). Safety National is neither a party nor a corporation seeking to intervene. (Docket No. 114 at 4). Additionally, the cases Plaintiff cites are inapposite. In *Travelers*, the District of Connecticut determined that it would not require a non-party to obtain documents that a party could obtain. *See Travelers Indemn. Co. v. Metropolitan Life Ins. Co.,* 228 F.R.D. 111, 114 (D. Conn. 2005).[4] In *Anderson,* the May 12, 2016 order Plaintiff cites converted a motion to dismiss into a motion for summary judgment. *Anderson v. Greene*, 1:14-cv-10249-KPF, Docket No. 82 (S.D.N.Y.).[5] Plaintiff claims that "Safety National has actively inserted itself into this litigation by issuing a disclaimer of coverage that directly impacts the City's defense strategy and creates potential conflicts of interest." (Docket No. 123 at 3). However, Safety National has actively tried *not* to be a part of this litigation, and in fact, is opposing Plaintiff's motion to compel joinder. (*See* Docket Nos. 76, 93). Thus, the Court will not extend the requirements of Rule 7.1 to Safety National since it is a non-party.

Accordingly, Plaintiff's motion to compel Safety National to file a Rule 7.1 disclosure statement is denied.

---

[4] The Court cannot locate *United States v. Aetna Cas. & Sur. Co.*, 146 F.R.D. 60 (D.R.I. 1993). Nevertheless, this case is non-binding because it is out of Circuit.

[5] Plaintiff also cites to a February 12, 2013 order in *Sky Medical Supply, Inc. v. SCS Support Claims Servs., Inc.,* 2:12-cv-06383, but there was no order on that date.

**F. Plaintiff's Motions for Judicial Notice**

On December 31, 2024, Plaintiff filed a motion for judicial notice of municipal court records under Rule 201 of the Federal Rules of Evidence ("Rule 201"). (Docket No. 116). He asks the Court to take judicial notice of (1) the affidavit of Defendant Charlene Humphreys ("Humphreys") filed against Plaintiff in his criminal case in Mount Vernon Municipal Court (Index Number CR-00915-23); and (2) the felony complaints in CR-10227-24 and CR-10228-24, criminal cases against Humphreys in the City Court of the City of White Plains. (Docket Nos. 116-18). Plaintiff asserts that the "felony complaint undermines any of [Humphrey's] credibility and underscores that the City committed a series of wrongful acts for underscores [sic] [his] Monell claim." (Docket No. 117 at 2). He claims the "felony charges support [his] allegations that Ms. Humphreys engaged in systematic fraudulent conduct and misuse of her authority as a Code Enforcement Officer for the City of Mount Vernon." (Docket No. 118 at 2).

On January 27, 2025, Plaintiff filed a second motion for judicial notice pursuant to Rule 201. (Docket No. 142). He asks the Court to take judicial notice of (1) "certain facts related to the Mount Vernon Police Department's Internal Affairs Bureau investigation," and (2) the guilty plea of Defendant Sergeant Mario Stewart ("Stewart"). (*Id.*). Plaintiff argues that IAB investigated alleged unlawful searches, inspections, and seizure of his property but decided not to issue disciplinary action. (Docket No. 140 at 2). He notes that IAB found his civilian complaint against Defendant Detective Montika Jones unsubstantiated. (*Id.*). Plaintiff further asserts that IAB substantiated his complaint against Stewart for unlawful entry, but found his claim that Stewart placed his hands on Plaintiff's chest to be unsubstantiated. (*Id.*). Lastly, he shares that Stewart pleaded guilty to "depriving an individual of their constitutional rights by using a taser on a handcuffed individual." (*Id.* at 3).

On January 31, 2025, Plaintiff filed a third motion for judicial notice pursuant to Rule 201. (Docket No. 145). He asks the Court to take judicial notice of (1) "ongoing violations by the City of Mount Vernon and its departments, including unlawful evictions and searches, in violation of constitutional protections," (2) the Order to Show Cause (Index No. 2569/2025) and the Notice of Claim filed relating to these violations, and (3) reconsidering the Court's denial of a declaratory judgment and issuing a declaratory judgment to ensure the City complies with due process protections under the Mount Vernon City Code. (*Id.*). Plaintiff claims the Mount Vernon Police Officers and employees of the Department of Buildings "unlawfully entered a property adjacent" to his own. (Docket No. 146 at 2). He also wants the Court to take notice of an Article 78 Petition and Order to Show Cause filed by Wayne J. Jarrels ("Jarrels"), his neighbor and an alleged victim of the City's conduct. (*Id.*).

On February 11, 2025, the City Defendants filed a declaration in response to the motions requesting judicial notice. (Docket No. 150). The City Defendants assert that the Court may only take judicial notice of court documents to "establish the fact of such litigation [or proceeding] and related filings" but "not for the truth of the matters asserted" in the document. (*Id.* at 5) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)). They argue that Plaintiff is not asking the Court to take judicial notice of a specific record but "rather of his own allegation that the City of Mount Vernon and its departments regularly engage in unlawful searches of property," which is not proper for judicial notice. (*Id.* at 5).

On February 14, 2025, Plaintiff filed a fourth motion for judicial notice pursuant to Rule 201. (Docket No. 151). He asks the Court to take judicial notice of the Westchester County's Decision and Order in Jarrels' case, arguing that the "City's failure to defend its actions in *Jarrels* is consistent with its longstanding customs and practices regarding evictions and property enforcement." (*Id.*). Plaintiff asserts the "ongoing pattern of misconduct, recklessness, and

-14-

wrongful actions supports Plaintiff's Monell claim and further implicates potential insurance coverage for these unlawful practices." (*Id.*). At the February 21, 2025 Telephone Conference, counsel for the City Defendants indicated that their prior response in Docket No. 150 would also serve as their opposition to this new motion for judicial notice.

Under Rule 201, the "court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). The Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[C]ourts may take judicial notice of public documents or matters of public record . . . including the contents of court dockets." *Ng v. Sedgwick Claims Mgmt. Servs. Inc.*, 23-CV-10380 (MKV)(BCM), 2024 WL 4827574, at *4 (S.D.N.Y. Nov. 19, 2024) (internal citations and quotations omitted). However, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *FDIC v. Concordia*, No. 23-CV-7222-LTS-GWG, 2024 WL 4362783, at *2 (S.D.N.Y. Sept. 30, 2024) (quoting *Topalian v. Hartford Life Ins. Co.*, 945 F. Supp. 2d 294, 361 (E.D.N.Y. 2013)). This includes filings such as complaints. *Press v. Primavera*, 685 F. Supp. 3d 216, 225 (S.D.N.Y. 2023).

Furthermore, a plaintiff cannot seek to amend his complaint by asking the Court to take judicial notice of facts. "The Court agrees with other courts in this Circuit that have cautioned that judicial notice should not 'be interpreted as endorsement of a practice whereby rather than amending his or her complaint, a plaintiff seeks to 'support' the complaint by submitting extraneous documents and seeking judicial notice of them.'" *Citibank, N.A. v. Aralpa Holdings*

*Ltd. P'ship*, Case No. 1:22-cv-08842 (JLR), 2023 WL 5971144, at *7 (S.D.N.Y. Sept. 14, 2023), *appeal dismissed*, 2024 WL 1714598 (2d Cir. Jan. 25, 2024) (citation omitted).

Here, the Court denies in part and grants in part Plaintiff's motions for judicial notice. The Court will not take judicial notice of "certain facts related to the Mount Vernon Police Department's Internal Affairs Bureau investigation" and "ongoing violations." (Docket Nos. 142 at 2, 145 at 2). These are not facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" or "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b). "[B]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 164 (S.D.N.Y. 2014) (citations omitted). These assertions are not "beyond controversy" and undisputed. Therefore, the Court will not take judicial notice of "certain facts related to the Mount Vernon Police Department's Internal Affairs Bureau investigation" or "ongoing violations." (Docket Nos. 142 at 2, 145 at 2).

The Court will also not take judicial notice of the affidavit Plaintiff requests because it is being offered for the truth of the statements contained within the affidavit. Plaintiff is not offering the affidavit "merely to establish that the documen[t] [was] filed" in state court but rather "to have the facts therein considered in support of" his complaint. *FDIC*, 2024 WL 4362783, at *3. He does not argue that the facts are "not subject to reasonable dispute" and "generally known within the trial court's territorial jurisdiction," and they are therefore not subject to judicial notice. *Id.* (quoting Fed. R. Evid. 201(b)). For the same reasons, the Court will not take judicial notice of the Order to Show Cause and Notice of Claim that Plaintiff's neighbor filed or the decision rendered in that case, as Plaintiff also seeks to offer these

documents "to have the facts therein considered in support of" his complaint. *FDIC*, 2024 WL 4362783 at *3. Therefore, the Court will not take judicial notice of the affidavit, the Order to Show Cause, the Notice of Claim, or the Decision and Order.

The Court will also not take judicial notice of Stewart's conviction. First, the Court notes that Plaintiff has only attached a press release noting the guilty plea rather than a court document itself. (Docket No. 140 at 13). The Court may not take judicial notice of press releases if they are offered for the truth of their contents. *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 239-40 (S.D.N.Y. 2023); *see also Citibank*, 2023 WL 5971144, at *7. Here, again, Plaintiff seeks to have the Court take judicial notice of the press release for the truth of the matter asserted therein. Therefore, the Court denies Plaintiff's motion for judicial notice of Stewart's conviction.

However, the Court will take judicial notice that two felony complaints were filed against Defendant Humphreys, though not for the truth of the matters asserted within the complaints. "[C]ourts may take judicial notice of public documents or matters of public record . . . including the contents of court dockets." *Ng*, 2024 WL 4827574, at *4 (internal citations and quotations omitted). However, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *FDIC*, 2024 WL 4362783, at *2 (citation omitted). Therefore, the Court will take judicial notice that two felony complaints were filed against Humphreys.

The Court will defer ruling on Plaintiff's request for the Court to "[r]econside[r] the denial of declaratory relief and issu[e] a declaratory judgment." (Docket No. 145 at 2). Judge Karas will address this request.

Accordingly, the Court grants Plaintiff's motion asking the Court to take judicial notice of the fact that two felony complaints were filed against Humphreys, defers ruling on the request to reconsider the denial of declaratory relief, and denies Plaintiff's motions to take judicial notice

-17-

of (1) the affidavit of Humphreys in Plaintiff's criminal case, (2) facts relating to the IAB investigation, (3) the press release regarding Stewart's conviction, (4) ongoing violations by Defendants, (5) the Order to Show Cause and Notice of Claim, and (6) the Decision and Order. Finally, the Court directs Plaintiff to only file motions for the Court to take judicial notice of something in relation to an existing motion. *See Barton v. Delfgauw*, Case No. 3:21-cv-05610-JRC, 2022 WL 18108395, at *1 (W.D. Wash. Mar. 14, 2022); *see also Salesbrain, Inc. v. AngelVision Techs.*, No. C 12-05026 LB, 2013 WL 1191236, at *1, n.3 (N.D. Cal. Mar. 21, 2013) (declining to take judicial notice of certain information because the court found it unnecessary to the resolution of the motion).

## III. CONCLUSION

For the reasons set forth herein, the Court (1) denies Plaintiff's motion to compel the production of the insurance policy and for sanctions; (2) denies Plaintiff's request to compel a Rule 26(f) conference; (3) grants Safety National's motion for sanctions and warns Plaintiff to cease sending intimidating, harassing, and threatening communications to Safety National and its counsel; (4) denies Plaintiff's motion to strike and for sanctions against Safety National; (5) denies Plaintiff's motions to compel Safety National to file a Rule 7.1 disclosure statement; (6) grants Plaintiff's motion to take judicial notice that two felony complaints were filed against Humphreys; (7) defers ruling on the request to reconsider the denial of the declaratory judgment, and (8) denies Plaintiff's motions to take judicial notice of (a) the affidavit of Humphreys in Plaintiff's criminal case, (b) facts relating to IAB's investigation, (c) the press release regarding Stewart's conviction, (d) ongoing violations by Defendants, (e) the Order to Show Cause and Notice of Claim, and (f) the Decision and Order.

The Clerk of Court is respectfully requested to terminate the pending motions (Docket Nos. 84, 88, 96, 100, 110, 116, 120, 142, 145, and 151).

Dated:   March 10, 2025
        White Plains, New York

                                        **SO ORDERED:**

                                        **JUDITH C. McCARTHY**
                                        United States Magistrate Judge