UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO: 7:23-CV-9173 (KMK)(JCM)

-------------------------------------------------------------------X

MATTHEW J. FECTEAU,

    Plaintif,

    v.

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

    Defendants,

SAFETY NATIONAL CASUALTY CORPORATION,

    Third-Party,

-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS

Matthew J. Fecteau
123 N 7th Ave
Mount Vernon, New York 10550
347-839-2072
Matthew.fecteau@gmail.com

March 16th 2025

## I. INTRODUCTION

Plaintiff Matthew J. Fecteau submits this Memorandum of Law in support of his Motion to Strike and for Sanctions, pursuant to Federal Rules of Civil Procedure 12(f) and 11, as well as the Younger abstention doctrine. The Court should strike Defendants' improper submission, which is irrelevant to this federal litigation, contains inadmissible hearsay, and seeks to inject prejudicial and extraneous matters into the proceedings.

## II. LEGAL STANDARD

*A. Motion to Strike Under Rule 12(f):* Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 540 F. Supp. 2d 438, 444 (S.D.N.Y. 2007) (granting motion to strike where allegations served no purpose other than to prejudice the opposing party). Courts routinely grant motions to strike where filings include irrelevant, extraneous, or inflammatory allegations.

*B. Hearsay and Inadmissibility Under the Federal Rules of Evidence:* If the third-party interpretations, commentary, or statements regarding the postcard have no bearing on the case—meaning they are irrelevant under Federal Rule of Evidence 401—then they are not admissible regardless of whether a hearsay exception applies. Rule 402 further reinforces that irrelevant evidence is inadmissible. Moreover, if the substance of these third-party statements pertains to matters more appropriately addressed in municipal court, rather than the federal proceedings, then their admission in federal court would not only be improper but could also be objected to under Rule 403 for causing undue delay, confusion, or misleading the factfinder. Thus, even if an opposing party attempts to introduce such statements under a hearsay exception, they should still be excluded as irrelevant and inappropriate for the current proceedings.

*C. Younger Abstention Doctrine:* The Supreme Court has long held that federal courts should abstain from interfering in ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971). Courts abstain where (1) there is an ongoing state proceeding, (2) the state court proceeding implicates important state interests, and (3) the plaintiff has an adequate opportunity to raise federal claims in the state forum. Here, Defendants' attempt to introduce matters related to state proceedings improperly invites this Court to rule on collateral state issues in violation of *Younger*.

*D. Sanctions Under Rule 11 and the Court's Inherent Powers:* Federal Rule of Civil Procedure 11 authorizes sanctions where a party files a submission for an improper purpose, including to harass or delay proceedings. Additionally, courts have inherent authority to sanction parties who engage in bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Defendants' submission is a transparent attempt to distract from the merits of the case by introducing immaterial and prejudicial statements.

### III. ARGUMENT

*A. Defendants' filing, titled 'Supplemental Declaration' (Docket No. 152) and filed on February 20, 2025, is irrelevant to the federal case:* The document contains references to Plaintiff's alleged personal communications that have no bearing on the legal claims presented in this action. The claims in this case arise under 42 U.S.C. § 1983 for constitutional violations by Defendants. Defendants' submission includes allegations and references that have no bearing on the legal claims before this Court and should be stricken to prevent undue prejudice.

*B. The Submission Includes Inadmissible Hearsay and Unsubstantiated Claims:* Defendants' filing, specifically page 3, paragraph 2, improperly relies on inadmissible hearsay, including third-party statements such as "Mr. Fecteau has a close friendship with Ms. Lambert."

Under Federal Rule of Evidence 802, hearsay—defined as an out-of-court statement offered to prove the truth of the matter asserted—is inadmissible unless an applicable exception under Rule 803 applies. Here, Defendants fail to invoke any such exception. Moreover, these statements are entirely irrelevant to the present proceedings under Federal Rule of Evidence 401, as they have no bearing on any material fact in dispute. Rule 402 further dictates that irrelevant evidence is inadmissible, and Rule 403 allows exclusion of evidence that may confuse the issues or mislead the court. To the extent Defendants attempt to justify admissibility under the "present sense impression" or "state of mind" exceptions in Rule 803(1) and 803(3), these arguments fail. The statements at issue are retrospective assertions about past relationships rather than contemporaneous observations or expressions of a declarant's then-existing mental state. Likewise, the business records exception under Rule 803(6) is inapplicable because the statements were not maintained as part of a regularly conducted business or governmental activity. Furthermore, this remains an entirely inappropriate avenue for addressing such matters, as this Court does not have jurisdiction to police who Plaintiff's friends are or are not. Plaintiff's personal associations are wholly irrelevant to the legal issues before this Court, and any attempt to introduce such statements serves no legitimate purpose within these proceedings.

    Finally, any reliance on Plaintiff's own writings in this context does not cure the inadmissibility issue, as Defendants' characterization of those writings is speculative and lacks a proper foundation. These matters, if relevant at all, would be more appropriately addressed in municipal court, not in these federal proceedings. Accordingly, the Court should disregard these statements in their entirety.

    *C. The Filing Violates Younger Abstention Principles:* By attempting to inject state proceedings into this federal matter, specifically references to 'People v. Fecteau' (State Criminal

Docket No. CR-00915-23, City Court of Mount Vernon, Mount Vernon, New York), Defendants seek to improperly expand the scope of this litigation into areas that this Court is bound to abstain from under *Younger* and its progeny. If Defendants have concerns regarding this state proceeding, they should address them in the appropriate forum within municipal court, and the attorney handling the matter should consider recusal to avoid conflicts of interest. The Supreme Court reinforced the principles of abstention in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), holding that federal courts should not interfere in state judicial proceedings where an adequate remedy exists at the state level., specifically references to 'People v. Fecteau' (State Criminal Docket No. CR-00915-23, City Court of Mount Vernon, Mount Vernon, New York), Defendants seek to improperly expand the scope of this litigation into areas that this Court is bound to abstain from under *Younger* and its progeny. If Defendants have concerns regarding this state proceeding, they should address them in the appropriate forum within municipal court, and the attorney handling the matter should consider recusal to avoid conflicts of interest. By attempting to inject state proceedings into this federal matter, Defendants seek to improperly expand the scope of this litigation into areas that this Court is bound to abstain from under *Younger* and its progeny.

*D. Defendants' Conduct Warrants Sanctions:* Defendants' conduct warrants sanctions under Rule 11 because their submission, which contains irrelevant and prejudicial information, appears to be designed to harass Plaintiff and delay the proceedings. Courts have sanctioned parties for similar tactics where submissions are used to distract from the merits of a case. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Given the clear impropriety of Defendants' filing, Plaintiff further requests that the Court consider disciplinary measures against the filing attorney pursuant to 28 U.S.C. § 1927, which allows sanctions for vexatious and unreasonable litigation conduct that increases costs and burdens opposing parties. because their submission, which contains irrelevant

5

and prejudicial information, appears to be designed to harass Plaintiff and delay the proceedings. Courts have sanctioned parties for similar tactics where submissions are used to distract from the merits of a case. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Given the clear impropriety of Defendants' filing, Plaintiff respectfully requests that this Court impose sanctions under Rule 11 and the Court's inherent authority. Courts routinely sanction parties who introduce inflammatory and irrelevant material to burden an opposing party. See *Chambers*, 501 U.S. at 45.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court (1) strike Defendants' improper filing, (2) exclude any references to it in determining pending motions, and (3) impose appropriate sanctions against Defendants.

Dated: March 16th 2025
Mons, Belgium

Respectfully submitted,

/s/ Matthew J. Fecteau
Matthew J. Fecteau
123 N 7th Ave
Mount Vernon, NY 10550
347-839-2072
Matthew.fecteau@gmail.com

To:
Law Department
City of Mount Vernon
North Roosevelt Square N#111
Mount Vernon, NY 10550

Menz Bonner Komar & Koenigsberg LLP
800 Westchester Avenue
Suite 641-N
Rye Brook, New York 10573

The Quinn Law Firm
399 Knollwood Road, Suite 220
White Plains, New York 10603

Daniel Fix
Gordon Rees Scully Mansukhani, LLP
500 Mamaroneck Ave.
Suite 503
Harrison, NY 10528