UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. FECTEAU,

                         Plaintiff,

      -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                     Defendants.

------------------------------------------------------------X

**ORDER**

23 Civ. 09173 (KMK)(JCM)

Plaintiff Matthew Fecteau ("Fecteau" or "Plaintiff"), proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendants the City of Mount Vernon, Sergeant Mario Stewart, Detective Montika Jones, Dawnette McClaren-Nelson, David Gibson, and Patrick Holder (collectively, the "City Defendants") and Charlene Humphreys. (Docket Nos. 1 and 56). Currently before the Court is Plaintiff's motion for the undersigned to recuse herself. (Docket No. 163). The City Defendants opposed the motion for recusal. (Docket Nos. 173 and 185). For the reasons set forth herein, Plaintiff's motion is denied.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) ("Section 455"). "The purpose of § 455(a) 'is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Green v. N.Y.C. Health & Hosps. Corp.*, 343 F. App'x 712, 713 (2d Cir. 2009) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). The question under Section 455(a) is whether "a reasonable

-1-

person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Id.* at 713-14 (citation omitted); *see also Alexander v. Priv. Protective Servs., Inc.*, 1:19-cv-10004 (JPO)(SDA), 2023 WL 8174221, at *5 (S.D.N.Y. Nov. 2, 2023),[1] *report and recommendation adopted*, 2024 WL 911945 (S.D.N.Y. Mar. 4, 2024). The appropriate standard to apply is objective reasonableness. *See Muller-Paisner v. TIAA*, No. 03 Civ. 6265 (GWG), 2014 WL 148595, at *1 (S.D.N.Y. Jan. 15, 2014) (citing *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008)). In addition, a showing of actual bias is not required under Section 455(a). *See Lightfoot v. Union Carbide Corp.*, No. 92 CIV. 6411 (HB), 1997 WL 543076, at *1 (S.D.N.Y. Sept. 4, 1997), *aff'd*, 175 F.3d 1008 (2d Cir. 1999). "The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *Miller v. Apple, Inc.*, Civil Action No. 25-CV-1172 (JPC)(RFT), 2025 WL 856763, at *2 (S.D.N.Y. Mar. 19, 2025) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).

"A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel*, 861 F.2d at 1312. To establish a basis for recusal, "[m]ovants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (quotations omitted). "As a general matter, '[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Aquino by Convergent Distrib. of Texas, LLC v. Alexander Cap., LP*, 708 F. Supp. 3d

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

495, 502 (S.D.N.Y. 2023) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)) (alterations in original). "Moreover, it is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality." *Alexander,* 2023 WL 8174221, at *6 (internal quotations and citation omitted).

Here, Plaintiff argues that the undersigned should recuse herself from any proceedings in this matter on the grounds that the undersigned's "conduct and rulings have created a clear appearance of bias, prejudice, and partiality, which undermine the integrity of these proceedings and Plaintiff's right to a fair adjudication." (Docket No. 163 at 2). Plaintiff complains that the Court "fixated on trivial and extraneous matters [including his] . . . interest in a female attorney, lawful complaints, and even postcards, none of which bear any significance to the proceedings," rather than the eviction of his neighbor. (Docket No. 165 at 2). In opposition, the City Defendants assert that the motion is "baseless" and "absurd." (Docket No. 173 at 13; Docket No. 185 at 2-4). The City Defendants state that the undersigned "reviewed evidence of harassing and threatening communications made by the Plaintiff and appropriately warned him to stop." (Docket No. 185 at 4).

Plaintiff's recusal motion fails because it is based on judicial rulings, which are not legitimate grounds for recusal. The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Alexander,* 2023 WL 8174221, at *6. In addition, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555. Plaintiff has engaged in threatening and harassing behavior against the City Defendants and Safety National's respective employees and counsel over the course of this

lawsuit. (Docket Nos. 173-1 through 173-60; Docket Nos. 97 and 108). At the February 21, 2025 telephone conference ("the February Conference"), the Court heard oral argument from all parties on this issue, and thereafter, directed Plaintiff to cease threatening and harassing the City Defendants or Safety National's employees or counsel. (Docket No. 174 at 6:18-15:23). This direction was further explained in the Court's Omnibus Order. (Docket No. 160). Accordingly, because Plaintiff's motion is based solely on the Court's ruling, it is not the proper basis for recusal.

Further, the thrust of Plaintiff's recusal argument centers on his allegation that the Court did not consider his substantive eviction claims but rather focused on his inappropriate communications. (Docket Nos. 164 and 165). However, the Court explained at the start of the conference that the substantive motions remained before the Honorable Kenneth M. Karas, while the undersigned would address the discovery and other non-dispositive motions, including the claims of harassment.[2] (Docket No. 174 at 2:25-5:2). The Court further explained it would issue a written decision on the pending non-dispositive motions and would only address at the conference the motions regarding Plaintiff's threatening and harassing behavior. (*Id.* at 3:2-5, 5:3-18). In addition, despite Plaintiff's claims, the Court's "comments during a proceeding that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases" do not require recusal under Section 455(a). *United States v. Wedd*, 993 F.3d 104, 115 (2d Cir. 2021) (quoting *Carlton*, 534 F.3d at 100). Moreover, the "Court is confident that it is unbiased in both fact and appearance." *Shukla v. Deloitte Consulting LLP*, 1:19-cv-10578 (AJN)(SDA), 2020 WL 5894078, at *2 (S.D.N.Y. Oct. 5, 2020) (internal quotations and citation omitted). Accordingly, Plaintiff's motion fails under Section 455(a) because no "reasonable person, knowing all the

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(A), Judge Karas referred the case to the undersigned to determine any pretrial matters, including discovery disputes and other non-dispositive pretrial issues. (Docket No. 130); *see also Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2 F. Supp. 3d 499, 501-02 (S.D.N.Y. 2014).

facts, would conclude that the [Court's] impartiality could reasonably be questioned." *Wedd*, 993

F.3d at 114 (internal quotations omitted).

While Plaintiff also seeks recusal under 28 U.S.C. § 144 ("Section 144"), he fails to meet

its procedural standard. Section 144 provides that a judge should recuse herself when a party

"makes and files a timely and sufficient affidavit that the judge before whom the matter is

pending has a personal bias or prejudice either against him or in favor of any adverse party." 28

U.S.C. § 144. "The standard for an affidavit's legal sufficiency under Section 144 in this Circuit

requires that it 'show the objectionable inclination or disposition of the judge; it must give fair

support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'"

*Keesh v. Quick*, 19-CV-08942 (PMH), 2022 WL 2160127, at *9 (S.D.N.Y. June 15, 2022)

(quoting *Williams v. New York City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003)).

While some courts have found Section 144 "inapplicable to *pro se* litigants because it requires a

certification from counsel of record attesting to the good faith basis for the allegations as well as

a sworn affidavit alleging bias," *Kirk v. Citigroup Glob. Mkt. Holdings, Inc.*, 20-cv-7619 (ALC),

2023 WL 171771, at *2 (S.D.N.Y. Jan. 12, 2023), *aff'd,* 2025 WL 751381 (2d Cir. Mar. 10,

2025), other courts have addressed the merits of a plaintiff's assertions under Section 144 where

the *pro se* plaintiff submitted a sworn affidavit, *Moskovits v. Fed. Republic of Brazil*, 21-cv-4309

(ER), 2024 WL 3299802, at *4, n.7 (S.D.N.Y. June 4, 2024). Plaintiff's decision to submit an

unsworn declaration rather than a sworn affidavit renders his recusal motion procedurally

improper under Section 144. *See Konits v. Valley Stream Cent. High Sch. Dist.*, 01-CV-6763

(TCP), 2007 WL 9724894, at *4 (E.D.N.Y. Apr. 16, 2007) (finding the affidavit is required "not

merely as a formality but as a necessity"). The procedural requirement of an affidavit of bias and

certificate of good faith from counsel "are strictly observed, and deviation from the statutory

requirements provides sufficient grounds for denial of a motion for recusal brought pursuant to

Section 144." *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 177, n.5 (S.D.N.Y. 2004); *see also Bin-Wahad v. Coughlin,* 853 F. Supp. 680, 683 (S.D.N.Y. 1994). Plaintiff failed to comply with the procedural requirements set forth in Section 144. Accordingly, the Court denies Plaintiff's motion for recusal under Section 144.

For the reasons set forth herein, the Court denies Plaintiff's motion for recusal. The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 163).

Dated:    April 22, 2025
          White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

-6-