UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. FECTEAU,

                    Plaintiff,

    -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                    Defendants.

------------------------------------------------------------X

**ORDER**

23 Civ. 09173 (KMK)(JCM)

Plaintiff Matthew Fecteau ("Fecteau" or "Plaintiff"), proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendants the City of Mount Vernon, Sergeant Mario Stewart, Detective Montika Jones, Dawnette McClaren-Nelson, David Gibson, and Patrick Holder (collectively, the "City Defendants") and Charlene Humphreys. (Docket Nos. 1 and 56). Currently before the Court is Plaintiff's motion for reconsideration of the Court's March 10, 2025 Omnibus Order ("Omnibus Order"). (Docket No. 176). The City Defendants opposed this motion on March 24, 2025. (Docket No. 185). For the following reasons, Plaintiff's motion is denied.

**I.   LEGAL STANDARD**

"Rule 59(e) motions for reconsideration in the Southern District of New York are governed by Local Rule 6.3." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps.*

*Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004).[1] "The decision to grant or deny [a motion for reconsideration under Local Civil Rule 6.3] is within the sound discretion of the . . . court." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). In the Second Circuit, granting reconsideration "is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747 (ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). It is "not a substitute for appeal . . . nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision." *Id.* (internal citations omitted). The movant may not use the motion "to start a new round of arguments," nor "should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Metro. Opera*, 2004 WL 1943099, at *2 (citation omitted).

To succeed on a motion for reconsideration, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dellefave*, 2001 WL 286771, at *1; *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

## II.     DISCUSSION

Plaintiff attempts to relitigate issues and repeats the same arguments the Court already decided. In support of his motion to compel the production of the insurance policy and non-party Safety National's Rule 7.1 statement, Plaintiff simply claims that the denial was "in error" and rehashes the same arguments from his original motions to compel. (*Compare* Docket No. 177 at 3, *with* Docket Nos. 85 and 101). Moreover, these issues are moot because the City Defendants produced the insurance policy, and Judge Kenneth M. Karas denied Plaintiff's motion for joinder. (Docket No. 184). Plaintiff similarly rehashes his arguments regarding the Rule 26(f) conference,[2] and reasserts his claim that he did not view or intend his statements to Safety National's counsel as threats. (Docket No. 177 at 4). Since a motion for reconsideration is not an opportunity to "reiterate in slightly different form the arguments already made in the party's original papers," *Metro Opera*, 2004 WL 1943099, at *2, "the Court declines to reconsider since Plaintiff[] simply repeat[s] the same arguments, which do not alter the Court's previous conclusion," *Ayala v. Saw Mill Lofts, LLC*, 21 Civ. 9779 (NSR)(JCM), 2023 WL 5835585, at *3 (S.D.N.Y. Aug. 16, 2023) (collecting cases); *see also Smith v. New York City Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) (summary order) (denying reconsideration where movant "simply rehashed his prior arguments"); *Pascal v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 09-CV-10082 (ER), 2013 WL 5878142, at *2 (S.D.N.Y. Oct. 31, 2013) (denying reconsideration where Court fully considered original arguments and did not overlook facts).

---

[2] Plaintiff cites to *Residential Funding Corp. v. DeGeorge Fin. Corp.* in support of this argument. This case does not apply since it involved sanctions for breach of a discovery obligation *after* both the Rule 16(b) and Rule 26(f) conferences where defendant failed to produce documents in time for trial. 306 F.3d 99 (2d Cir. 2002). Discovery has not begun in the instant matter, so there can be no breach of discovery obligations yet. Moreover, *Residential Funding* has been overturned in relevant part by *Hoffer v. Tellone*, 128 F.4th 433, 435 (2d Cir. 2025) (overturning the standard for issuing sanctions under Federal Rule of Civil Procedure 37(e)(2)).

Furthermore, Plaintiff summarily argues that the Omnibus Order demonstrated "clear legal error requiring reconsideration" in granting in part and denying in part his motions for judicial notice. (Docket No. 177 at 3). This is not a proper ground for reconsideration. *Metro. Opera*, 2004 WL 1943099, at *2. Similarly, in supporting his challenge to the Omnibus Order's direction not to threaten Safety National's counsel or employees, Plaintiff attempts to assert a new theory that his statements were not "true threat[s]" and therefore are not actionable. (Docket No. 177 at 4). While he cites new caselaw,[3] this caselaw is not relevant and would not "alter the conclusion reached by the court." *Kumaran v. Nat'l Futures Ass'n*, 1:20-cv-3668-GHW, 2023 WL 3160116, at *10 (S.D.N.Y. Apr. 28, 2023) (quoting *Shrader*, 70 F.3d at 257). Rather this is allegedly a new theory and new caselaw that Plaintiff introduces in an attempt to argue that his behavior was not threatening and should not have been stopped. Under Local Rule 6.3, a party "may not advance new facts, issues or arguments not previously presented to the court." *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ.6441 (LAK)(HBP), 2003 WL 22127011, at *1 (S.D.N.Y. Sept. 15, 2003) (citations omitted). "To prevail on a motion for reconsideration on the basis of new authority, plaintiffs must identify either an intervening change of controlling law, . . . or precedent the Court overlooked and that would materially influence the Court's prior decision." *Serdarevic v. Centex Homes, LLC*, No. 08 CV 5563 (VB), 2012 WL 5992744, at *2 (S.D.N.Y. Nov. 7, 2012) (citations omitted). Plaintiff has presented neither here. Therefore, Plaintiff has failed to show a valid basis for reconsideration. *See Auscape*, 2003 WL 22127011, at *2.

---

[3] Plaintiff's citation to *U.S. v. Turner* is misplaced because *Turner* deals with a challenge to a criminal conviction for threatening judges, 720 F.3d 411 (2d Cir. 2013), whereas the present case involves Plaintiff's threatening and harassing behavior in a civil matter. His citation to *Virginia v. Black* also fails since that case evaluated the constitutionality of a state statute against burning crosses where individuals were convicted of violating the statute. 538 U.S. 343 (2003).

      For the reasons set forth herein, the Court denies Plaintiff's motion for reconsideration.

The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 176).

Dated:   April 22, 2025
        White Plains, New York

                      **SO ORDERED:**

                        _[signature]_

                      JUDITH C. McCARTHY
                      United States Magistrate Judge