UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. FECTEAU,

                    Plaintiff,

      -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                Defendants.

------------------------------------------------------------X

**ORDER**

23 Civ. 09173 (KMK)(JCM)

      Plaintiff Matthew Fecteau ("Fecteau" or "Plaintiff"), proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendants the City of Mount Vernon, Sergeant Mario Stewart, Detective Montika Jones, Dawnette McClaren-Nelson, David Gibson, and Patrick Holder (collectively, the "City Defendants") and Charlene Humphreys. (Docket Nos. 1 and 56). Currently before the Court is Plaintiff's motion to strike and for sanctions. (Docket No. 179). Plaintiff moves the Court to (1) strike the City Defendants' supplemental declaration in support of their opposition to Plaintiff's motion for judicial notice, (Docket No. 152); (2) exclude inadmissible hearsay under Federal Rule of Evidence 802 ("Rule 802"); (3) apply the *Younger* abstention doctrine to bar references to state proceedings; and (4) impose sanctions for bad faith conduct under Federal Rule of Civil Procedure 11 ("Rule 11") and 28 U.S.C. § 1927. (Docket No. 179 at 2). The City Defendants opposed the motion on March 24, 2025. (Docket No. 185). For the following reasons, Plaintiff's motion is denied in its entirety.

## I.    DISCUSSION

### A.    Motion to Strike

Plaintiff asks the Court to strike the City Defendants' supplemental declaration in support of their opposition to Plaintiff's motion for judicial notice, (Docket No. 152), as "irrelevant to the federal case," (Docket No. 180 at 3).  He claims that because the document references Plaintiff's personal communications, it does not relate to his legal claims and should therefore be stricken under Federal Rule of Civil Procedure 12(f). (*Id.* at 2-3).  As outlined in the Court's Omnibus Order issued on March 10, 2025, (Docket No. 159 at 9-10), Rule 12(f) only permits a court to strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The City Defendants' supplemental declaration is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining permitted pleadings).  "Pleading[s] are complaints, answers, cross- and counterclaims." *Katz v. Mogus*, No. 07 Civ. 8314 (PKC)(KNF), 2009 WL 3189342, at *5 (S.D.N.Y. Oct. 6, 2009)[1] (citation omitted), *report and recommendation adopted*, 2009 WL 5173789 (S.D.N.Y. Dec. 30, 2009).  "Motions, declarations, and affidavits are not pleadings." *Huelbig v. Aurora Loan Servs., LLC*, No. 10 Civ. 6215 (RJH)(THK), 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011) (citing Fed. R. Civ. P. 7(a) and denying plaintiff's motion to strike defendant's opposition to the motion for leave to file a second amended complaint), *report and recommendation adopted*, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011).  Thus, the Court denies the request to strike the supplemental declaration.

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

**B.    Hearsay**

Plaintiff also argues that the supplemental declaration "improperly relies on inadmissible hearsay" in explaining its concerns with Plaintiff's communications and that the "Court does not have jurisdiction to police who Plaintiff's friends are or are not." (Docket No. 180 at 3-4).[2] The City Defendants explain that after they filed their opposition, the Mount Vernon Law Department received another postcard from Plaintiff that "heightened concerns about improper communications from Plaintiff." (Docket No. 185 at 9; *see also* Docket No. 152 at 4).  The City Defendants maintain that their staff are not friends with Plaintiff and that his continued communications are "alarming." (Docket No. 185 at 9-10) (citation omitted).  They assert that the statements are not hearsay because (1) they are not submitting evidence in support of a dispositive motion or at trial, and (2) since the language belongs to Plaintiff, the party-opponent exception applies. (*Id.* at 10).

"The Federal Rules of Evidence define hearsay, as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to *prove the truth of the matter asserted.*'" *United States v. Detrich*, 865 F.2d 17, 20 (2d Cir. 1988) (quoting Fed. R. Evid. 801(c)) (emphasis in original).  "Whether or not a statement is hearsay depends upon what use the offeror intends the fact-finder to make of it." *Id.*  "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." *DeNigris v. New York City Health & Hosps. Corp.*, 552 F. App'x 3, 6 (2d Cir. 2013) (summary order) (quoting Fed. R. Evid. 801(c) advisory committee's note) (affirming the district court's decision to permit numerous statements

---

[2] The provision Plaintiff cites as hearsay cannot actually be found in the supplemental declaration. (*See generally* Docket No. 152; Docket No. 180 at 3).  However, the Court believes Plaintiff intended to cite to page 2, paragraph 3, in which the City Defendants stated their view that Plaintiff's communications "contain inappropriate language suggesting that Mr. Fecteau he [sic] enjoys a close personal relationship with Corporation Counsel Brian Johnson and Deputy Corporation Counsel Christine Lombert." (Docket No. 152 at 2).

regarding appellant's inappropriate conduct to be offered into evidence to show the effect on the recipient's state of mind).

The statement in the City Defendants' declaration falls outside the definition of Rule 801(c) because it is offered to prove the effect of Plaintiff's statements on the Mount Vernon Law Department employees' state of mind and Plaintiff's repeated harassing behavior, rather than whether or not Plaintiff and the employees were friends. *Detrich*, 865 F.2d at 20. "An out of-court statement offered to demonstrate its effect on a witness' state of mind is not hearsay." *United States v. Mackey*, 21-CR-80-NGG, 2023 WL 2457861, at *4 (E.D.N.Y. Mar. 10, 2023) (citation omitted); *see also United States v. Johnson*, 117 F.4th 28, 47 (2d Cir. 2024) (where the document in question was offered to show the degree to which the recipient perceived a message to be a serious threat).

The statement is also a permissible attorney characterization in order to introduce evidence. In attorney affidavits, "some degree of characterization of attached documents is permissible." *Gasser v. Infanti Int'l, Inc.*, No. 03 CV 6413 (ILG), 2008 WL 2876531, at *7 (E.D.N.Y. July 23, 2008) (citation omitted). "Rather than striking conclusory assertions made in an attorney's affidavit, the court is free to search the record for support." *Id.* (citing *First City Fed. Sav. Bank v. Bhogaonker*, 684 F. Supp. 793, 798 (S.D.N.Y. 1998)). The supplemental declaration was "merely a vehicle placing before the Court relevant, admissible documents" and need not be struck as hearsay. *Id.; see also John Nagle Co. v. Goldin*, 1:16-CV-102, 2017 WL 4043936, at *10 (N.D.N.Y. Sept. 12, 2017) (declining to strike attorney affidavit that served to introduce evidence relevant to the pending motions). Counsel for the City Defendants simply characterizes and contextualizes the relevance of the attached postcard from Plaintiff. Moreover, Plaintiff has not suffered prejudice from the declaration, as the Court did not give weight to the City Defendants' characterization of the postcard in deciding the pending motions. *See Canada*

-4-

*Dry Delaware Valley Bottling Co. v. Hornell Brewing Co.*, No. 11 Civ. 4308 (PGG), 2013 WL 5434623, at *4, n.2 (S.D.N.Y. Sept. 30, 2013).

Accordingly, the Court finds the supplemental declaration should not be excluded as hearsay.

## C.    *Younger* Abstention

Plaintiff also asks this Court to apply the *Younger* abstention doctrine "to bar improper references to state proceedings." (Docket No. 179 at 2). He claims the City Defendants' supplemental declaration is an attempt to "inject state proceedings into this federal matter" by referencing the criminal case against him, and these concerns should be raised in municipal court. (Docket No. 180 at 4-5). The City Defendants state that the supplemental declaration "does not reference the City Court enforcement proceedings," so the *Younger* abstention doctrine does not apply. (Docket No. 185 at 11).

"*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). Under *Younger,* "when a state criminal defendant brings a federal action while a parallel, state criminal proceeding remains pending, federal courts must refrain from enjoining the state prosecution." *Fund v. City of New York,* No. 14 Civ. 2958 (KPF), 2014 WL 2048204, at *4 (S.D.N.Y. May 19, 2014). The *Younger* doctrine requires abstention when "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D"*, 282 F.3d at 198 (citation omitted).

The *Younger* abstention doctrine "applies to claims for injunctive and declaratory relief." *Parent v. New York*, 485 F. App'x 500, 503 (2d Cir. 2012) (summary order) (citation omitted). Moreover, "courts in this Circuit have held that abstention is generally not appropriate in cases seeking damages pursuant to 42 U.S.C. § 1983." *Novie v. Vill. of Montebello*, No. 10-CV-9436 (CS), 2012 WL 3542222, at \*13 (S.D.N.Y. Aug. 16, 2012) (collecting cases). However, a court may abstain from deciding and dismiss the claims seeking equitable relief while still exercising jurisdiction over the claims seeking monetary damages. *See id.* at \*14; *see also Best v. City of New York,* No. 12 Civ. 7874 (RJS)(SN), 2014 WL 163899, at \*10-11 (S.D.N.Y. Jan. 15, 2014).

Here, the *Younger* abstention doctrine does not apply to the one supplemental declaration which Plaintiff seeks to exclude. "When *Younger* applies, abstention is mandatory, and its application deprives the court of subject matter jurisdiction in the matter." *Jureli, LLC v. Schaefer*, 53 F. Supp. 3d 552, 561 (E.D.N.Y. 2014) (citation omitted). The Court has not found any case in which the abstention doctrine applied to a single document or motion, rather than entire claims at issue in the case. Further, Plaintiff's Amended Complaint seeks compensatory damages, punitive damages, legal fees and costs, injunctive relief determining the constitutionality of a city charter provision, interest, and an injunction against Defendants' allegedly wrongful practices. (Docket No. 56 at 44-45). Thus, even if the Court were to abstain from hearing Plaintiff's equitable claims, the § 1983 claims for monetary damages would continue. *See Novie*, 2012 WL 3542222, at \*13-14. Moreover, the equitable claims in the Amended Complaint do not seek to "enjoi[n] the state prosecution," *Fund,* 2014 WL 2048204, at \*4, and would likely not be subject to *Younger* abstention.

Accordingly, Plaintiff's request to exclude the supplemental declaration under the *Younger* abstention doctrine is denied.

**D.    Sanctions**

Plaintiff asks the Court to impose sanctions on the City Defendants for "bad faith conduct under [Federal Rule of Civil Procedure] 11 and 28 U.S.C. § 1927." (Docket No. 179 at 2). Plaintiff asserts that the supplemental declaration "appears to be designed to harass Plaintiff and delay the proceedings" and that the declaration distracts from the merits of the case. (Docket No. 180 at 5-6). The City Defendants argue that Plaintiff "does not have the right to send harassing, intimidating or threatening communications to the parties," and while he has been ordered to stop, "Plaintiff has reacted by filing a barrage of additional meritless and frivolous motions, and seeking sanctions against everyone else." (Docket No. 185 at 11).

The Court denies Plaintiff's request for Rule 11 sanctions on two grounds. First, "the Court may impose sanctions if the offending attorney responsible for the submission is found to have acted with 'objective unreasonableness.'" *Patrizzi v. Bourne in Time, Inc.*, No. 11 Civ. 2386 (PAE), 2013 WL 316148, at *2 (S.D.N.Y. Jan. 28, 2013) (citation omitted); *see also Sanderson v. Leg Apparel LLC*, 1:19-cv-8423-GHW, 2024 WL 498094, at *2 (S.D.N.Y. Feb. 8, 2024). The City Defendants have not acted with "objective unreasonableness" in seeking the Court's protection from Plaintiff's intimidating, harassing and threatening behavior. Additionally, because the City Defendants' allegations regarding Plaintiff's statements are "factually supported," they do not violate Rule 11. *See Sanderson*, 2024 WL 498094, at *4; (*see* Docket No. 152 at 4). Second, Rule 11 "provides filers with a 'safe harbor' from sanctions" by providing the alleged violator 21 days to withdraw or correct the document in question. *Sanderson*, 2024 WL 498094, at *1 (citation omitted); *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010). Plaintiff has not followed this procedure. Thus, Plaintiff's request for Rule 11 sanctions is denied.

The Court also denies Plaintiff's request for sanctions under 28 U.S.C. § 1927 ("Section 1927"). Under Section 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "To succeed under § 1927, a plaintiff must demonstrate 'clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.'" *Jones v. Combs*, 24-CV-1457 (JPO), 2024 WL 5107365, at *2 (S.D.N.Y. Dec. 13, 2024) (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000)). Here, there is no evidence that the City Defendants' claims of Plaintiff's harassing and intimidating behavior were "entirely meritless" or that the City Defendants "acted for improper purposes." *Id.* Rather, the City Defendants provided ample evidence of Plaintiff's harassing and intimidating communications. (Docket No. 152 at 4; Docket No. 173-1 through 173-60). Given the Court's consideration of the City Defendants' complaints of Plaintiff's threatening behavior, the short declaration attaching evidence of Plaintiff's continuing threatening conduct does not "multipl[y] the proceedings in [the] case unreasonably and vexatiously." 28 U.S.C. § 1927. Plaintiff has not shown that counsel for the City Defendants' "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Sorenson v. Wolfson*, 683 F. App'x 33, 37 (2d Cir. 2017) (summary order) (quoting *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000)). "There is nothing on the record that could support a finding of bad faith or improper behavior, and § 1927 sanctions would be wholly inappropriate here." *Dubose v. Suny Mar. Coll. Off. of Fin. Aid*, Case No. 1:24-cv-05547 (JLR), 2025 WL 887585, at *2 (S.D.N.Y. Mar. 21, 2025). Thus, the Court denies Plaintiff's request for sanctions under Section 1927.

Accordingly, the Court denies Plaintiff's motion for sanctions under both Rule 11 and Section 1927.

## II.    CONCLUSION

For the reasons set forth herein, the Court denies Plaintiff's motion to strike and for sanctions. The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 179).

Dated:    April 23, 2025
          White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge