UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. FECTEAU,

                Plaintiff,

    -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                Defendants.

**ORDER**

23 Civ. 09173 (KMK)(JCM)

------------------------------------------------------------X

Plaintiff Matthew Fecteau ("Fecteau" or "Plaintiff"), proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendants the City of Mount Vernon, Sergeant Mario Stewart, Detective Montika Jones, Dawnette McClaren-Nelson, David Gibson, and Patrick Holder (collectively, "City Defendants") and Charlene Humphreys ("Defendant Humphreys"). (Docket Nos. 1, 56). Currently before the Court is Plaintiff's motion to clarify the scope of discovery and seek leave to conduct additional depositions. (Docket No. 218). The City Defendants opposed on May 22, 2025. (Docket No. 230).

**I.   DISCUSSION**

Plaintiff asks the Court to (1) clarify that discovery will "proceed consistent with Plaintiff's surviving claims, including the First, Fourth, Fifth, and Fourteenth Amendment claims, without artificial narrowing;" (2) permit Plaintiff to depose high-ranking officials; (3) grant Plaintiff leave to conduct more than ten depositions; and (4) deny the City Defendants'

-1-

"request to preemptively restrict discovery." (Docket No. 218 at 2). The City Defendants oppose the first three requests and do not address the fourth. (Docket No. 230).

**A.    Clarifying the Scope of Discovery**

Plaintiff asks the Court to "clarify that discovery should proceed consistent with the surviving claims," including "the existence of an unconstitutional municipal policy" and "policymaking at the highest levels." (Docket No. 219 at 2). The City Defendants counter that Plaintiff "impermissibly seeks discovery regarding aspects of his *Monell* claim that did not survive the City Defendants' motion to dismiss." (Docket No. 230 at 2).

Federal Rule of Civil Procedure 26 provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This rule "limits discovery to matter that is relevant to any party's claim or defense." *Deng v. New York State Off. of Mental Health*, 13-CV-6801 (ALC)(RLE), 2015 WL 9450845, at *2 (S.D.N.Y. Dec. 23, 2015).

"However, [w]hile relevance is broadly construed in the context of discovery, it is proper to deny discovery of matter that is relevant *only* to claims or defenses that have been stricken." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225, at *7 (S.D.N.Y. Oct. 24, 2014) (internal citations and quotations omitted); *see also Holland v. Lions Gate Ent. & Films,* 21-CV-2944 (AT)(JLC), 2023 WL 3554832, at *2 (S.D.N.Y. Apr. 13, 2023) (denying the motion to compel discovery that did not relate to plaintiff's remaining claim). In ruling on the motion to dismiss, the Honorable Kenneth M.

Karas determined that Plaintiff had "plausibly alleged that [Mount Vernon City Code] § 149-42(A) is unconstitutional" and, therefore, "stated a claim for *Monell* liability based upon a formal policy." (Docket No. 184 at 21, 23). However, Judge Karas found that Plaintiff had not established a theory of *Monell* liability based on informal policies, including a widespread custom or practice of unconstitutional entries, a failure to train, and a failure to screen. (*Id.* at 23-33). Therefore, Plaintiff can only seek discovery relating to the formal policy at issue. Any evidence regarding the informal policies "is irrelevant because it does not involve the surviving claim[s]." *Bailey v. Interbay Funding, LLC*, No. 3:17-cv-1457 (VAB), 2020 WL 7481767, at *7 (D. Conn. Dec. 18, 2020), *aff'd*, 2022 WL 852851 (2d Cir. Mar. 23, 2022). Thus, Plaintiff may not seek evidence relating to informal policies, such as a failure to train, widespread custom or practice, and failure to screen.

      Accordingly, the Court denies Plaintiff's request to clarify the scope of discovery as he defines it. Plaintiff must limit his discovery requests to matters relating to his surviving claims.

**B.  Depositions of High-Ranking Officials**

      Plaintiff seeks to depose high-ranking city officials. (Docket No. 219 at 2-3). "[C]ourts have commonly held that 'a high-ranking government official should not—absent exceptional circumstances—be deposed or called to testify regarding the reasons for taking official action, including the manner and extent of his study of the record and his consultation with subordinates.'" *In re New York City Policing During Summer 2020 Demonstrations*, 677 F. Supp. 3d 206, 207 (S.D.N.Y. 2023) (quoting *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013)). "[T]o depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman*,

731 F.3d at 203 (citation omitted). This is because such "[h]igh-ranking government officials are generally shielded from depositions because they have 'greater duties and time constraints than other witnesses.'" *Id.* (citation omitted). The party seeking the deposition "bear[s] the burden of showing that the deposition . . . is appropriate." *Winfield v. City of New York*, 15-CV-05236 (LTS)(KHP), 2018 WL 4350246, at *1 (S.D.N.Y. Sept. 12, 2018) (citation omitted).

Plaintiff argues that he is entitled to depose high-ranking city officials because he "directly corresponded" with the mayor, the commissioner, and two councilwomen regarding the issues in this case. (Docket No. 219 at 2-3). However, he has not alleged any unique, first-hand knowledge that could only be obtained from these individuals. *Lederman*, 731 F.3d at 203 (finding plaintiffs did not identify the information needed, contend that the officials had first-hand knowledge, or establish that relevant information could not be obtained elsewhere). Plaintiff simply states in a conclusory manner that the mayor, commissioner, and councilwomen have "unique, firsthand knowledge of City policies and responses," in part due to his written complaints to the City. (Docket No. 219 at 3). However, he does not explain how these written complaints would provide the high-ranking officials with unique knowledge that lower-level officials handling the day-to-day operations would not possess. Plaintiff has thus not met his burden of establishing that these officials have knowledge that could not be obtained by less intrusive means from other deponents. *See Winfield*, 2018 WL 4350246, at *1.

In addition, "merely asserting a *Monell* claim does not, in and of itself, justify the deposition of high-ranking municipal officials under *Lederman* and its progeny." *Khan v. New York City*, 757 F. Supp. 3d 327, 340–41 (E.D.N.Y. 2024) (citation omitted). The mayor's "testimony is unnecessary because the City's liability under *Monell* can be established by showing that the 'actions or decisions' at issue in this case were 'made by municipal officials with decision-making authority.'" *In re New York City Policing During Summer 2020*

*Demonstrations*, 677 F. Supp. 3d at 208 (citation omitted). Further, Plaintiff has not shown any evidence that the high-ranking officials, such as the mayor and councilwomen, have "directly targeted" him or supervised the alleged violations. *Presti v. City of New York*, 609 F. Supp. 3d 204, 208 (E.D.N.Y. 2022). Plaintiff simply states that the case involves a "formal municipal policy and deliberate indifference at the highest levels." (Docket No. 219 at 3). However, simply asserting that the mayor or other city officials "created the policy that is the basis of [the] *Monell* claim . . . does not provide an entitlement to a deposition" of the mayor or city officials. *Presti*, 609 F. Supp. 3d at 208. Thus, Plaintiff must do more than assert a *Monell* claim to entitle him to depose the high-ranking officials.

Accordingly, the Court denies Plaintiff's request to depose high-ranking officials such as the mayor, commissioner, and councilwomen.

**C. Depositions of Nineteen Individuals**

Plaintiff also seeks leave to exceed the ten deposition limit under Federal Rule of Civil Procedure 30(a)(2)(A). (Docket No. 219 at 3). "Rule 30(a)(2)(A) limits parties to ten depositions each unless both parties stipulate to additional depositions or if the court grants leave to exceed this limit." *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 Civ. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005). In determining whether a party may depose more than ten people, courts consider: "whether (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, and (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Atkinson v. Goord*, Nos. 01 Civ. 0761 (LAK)(HBP), 03 Civ. 7759

(LAK)(HBP), 2009 WL 890682, at *1 (S.D.N.Y. Apr. 2, 2009) (internal citations and quotations omitted).

Plaintiff asserts that the nineteen witnesses he has identified were "each involved in the events or policies underlying the claims" and, therefore, need to be deposed given the complexity of his claims. (*See* Docket No. 219 at 3). The City Defendants object to this request, but consent to the depositions of some of Plaintiff's proposed witnesses. (Docket No. 230 at 7-10).

As a preliminary matter, Plaintiff's motion is "premature because 'courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A).'" *Oakley v. MSG Networks, Inc.*, No. 17-cv-6903 (RJS), 2024 WL 5056111, at *2 (S.D.N.Y. Dec. 10, 2024) (citation omitted). However, the Court will address the request at this time to avoid the need for further motion practice.

"Rule 30(a)(2)(A) places a burden on [Plaintiff] to demonstrate that there is at least reason to believe that additional witness[es] will shed new light on this case and that showing requires more than generalizations that are true in all cases." *Atkinson*, 2009 WL 890682, at *3 (denying plaintiff's application to take additional depositions that would be cumulative). Plaintiff has failed to meet this burden. He has offered no satisfactory explanation why these "additional witnesses are likely to have unique information that is distinguishable from that of the other witnesses." *Oakley*, 2024 WL 5056111, at *2. Nor has Plaintiff specified which witnesses he seeks to depose in his initial set of ten. *See Brunckhorst v. Bischoff,* 21 Civ. 4362 (JPC), 2022 WL 6991285, at *2 (S.D.N.Y. Oct. 12, 2022) (finding defendant failed to satisfy his burden for additional depositions where defendant provided limited information as to the

relevance and benefit of additional deponents).  The mere fact that witnesses were involved in the events at issue is not enough to show that their testimony is not cumulative or burdensome.

First, Plaintiff seeks to depose Gregory Addison, the Captain of the Training and Personnel Division for the City of Mount Vernon, and Deputy Police Commissioner Jennifer Lackard.  He argues that "Captain Addison's deposition is crucial to determine the Mount Vernon Police Department's protocols regarding the retention and handling of body-worn camera (BWC) footage," and relates to the City's "deliberate indifference under the *Monell* claim." (Docket No. 220-1 at 2).  Similarly, Plaintiff claims Deputy Commissioner Lackard's testimony is "relevant to establishing the City's policy or custom of deliberate indifference," and to show she failed to intervene in the alleged violations. (*Id.* at 5).  However, "deliberate indifference" is a factor in a failure to train theory of a *Monell* claim, *see Vasquez v. City of New York*, 20-cv-4641 (ER), 2023 WL 8551715, at *4-5 (S.D.N.Y. Dec. 11, 2023), which no longer remains in the case, (Docket No. 184 at 28).  Moreover, the body-worn camera protocols are not at issue in the present case, either.  Furthermore, Plaintiff has not pled a failure to intervene claim in the Amended Complaint. (*See generally* Docket No. 56).  The Court finds that Captain Addison and Deputy Commissioner Lackard's testimony would not be relevant to Plaintiff's remaining claims.  Therefore, the Court denies Plaintiff's request to depose Captain Addison and Deputy Commissioner Lackard.

Second, Plaintiff seeks to depose Damon Davis, Former Code Enforcement Officer for the City of Mount Vernon.  He states that Davis' testimony "is crucial to uncover the internal directives, training procedures, and day-to-day practices of the City's Code Enforcement Office," and whether the "unlawful search practices were isolated incidents of misconduct or reflective of an entrenched custom or policy." (Docket No. 220-1 at 2-3).  This relates to the informal policy part of Plaintiff's *Monell* claim, which was dismissed. (Docket No. 184 at 23-33).  Thus, the

Court finds that Mr. Davis' testimony is not relevant to Plaintiff's remaining claims. The Court, therefore, denies Plaintiff's request to depose Mr. Davis.

Third, Plaintiff wishes to depose Police Commissioner David Gibson, Patrick Holder, Charlene Humphreys, Montika Jones, Dawnette McLaren-Nelson, and Sergeant Mario Stewart, all named defendants in the lawsuit. The City Defendants do not object to these depositions. (Docket No. 230 at 8). Under Rule 30, "a party to litigation may be compelled to give testimony pursuant to a notice of deposition." *DoorDash, Inc. v. City of New York*, 21 Civ. 7564 (GHW)(GS), 2025 WL 1212075, at *3 (S.D.N.Y. Apr. 25, 2025) (quoting *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD)(SN), 2020 WL 8611024, at *3 (S.D.N.Y. Aug. 27, 2024)). Therefore, the Court will allow Plaintiff to depose David Gibson, Patrick Holder, Charlene Humphreys, Montika Jones, Dawnette McLaren-Nelson, and Sergeant Mario Stewart.

Fourth, Plaintiff wishes to depose the following high-ranking individuals: Councilmember Cathlin Gleason, Corporation Counsel Brian Johnson, Chief of Police Marcel Olifiers, Mayor Shawyn Patterson-Howard, and Dr. Darrell Morton. Plaintiff argues that he is entitled to depose these individuals because:

> (1) Councilmember Gleason responded to Plaintiff's e-mail, and agreed to look into his complaint, so her testimony would relate to the City's knowledge of the allegedly unconstitutional searches, (Docket No. 220-1 at 3);
>
> (2) Mr. Johnson has "unique knowledge of the City's legal interpretations of Chapter 149 of the Mount Vernon City Code" relating to searches and investigations of his property and those of his neighbors, as well as "any legal

advice provided to the Buildings and Police Departments on this issue," (*id.* at 4);[1]

(3) Chief Olifiers has information regarding his failure to intervene, relating to Plaintiff's *Monell* claim, (*id.* at 6);

(4) Mayor Patterson-Howard's knowledge of and response to Plaintiff's complaints is "vital to establishing the City's awareness and potential deliberate indifference to unconstitutional practices," (*id.*); and

(5) Dr. Darrell Morton, as the City's Chief Financial Officer, has "unique insight into any internal investigations, audits, or allegations of corruption" in the City departments, which would help establish the City's "awareness of, and administrative response to, the alleged unconstitutional practices" at issue, (*id.* at 7).[2]

The Court finds that Councilwoman Gleason, Mr. Johnson, Chief Olifiers, Mayor Patterson-Howard, and Dr. Morton are all high-ranking officials. Plaintiff has not established that they have unique, first-hand knowledge that could only be obtained from them, *Lederman*, 731 F.3d at 203, or that he could not obtain this information through less intrusive means from other deponents, *Winfield*, 2018 WL 4350246, at *1. In fact, because Plaintiff asserts that Councilmember Gleason never actually followed up on his complaint, (Docket No. 220-1 at 3), he has not established that she has any particular first-hand knowledge. Moreover, the fact that Plaintiff asserted a *Monell* claim "does not, in and of itself, justify the deposition of high-ranking

---

[1] To the extent that Plaintiff seeks testimony from Mr. Johnson that falls within the realm of the attorney-client privilege, this information would not be discoverable. *See United States v. Town of Oyster Bay,* 14-CV-2317 (GRB)(SIL), 2022 WL 34586, at *3 (E.D.N.Y. Jan. 3, 2022), *aff'd as modified*, 2022 WL 4485154 (E.D.N.Y. Sept. 27, 2022); *see also Mitura v. Finco Servs., Inc.,* 739 F. Supp. 3d 231, 236 (S.D.N.Y. 2024).

[2] The City Defendants provide Dr. Morton's title as "City Comptroller" and state that Dr. Morton's testimony is irrelevant to the surviving formal policy theory of the Monell claim. (Docket No. 230 at 5-6). The Court agrees.

municipal officials under *Lederman* and its progeny." *Khan*, 757 F. Supp. 3d at 340–41 (citation omitted). In addition, Plaintiff has not asserted a failure to intervene claim in his Amended Complaint. (*See generally* Docket No. 56). Thus, Chief Olifiers' testimony is not allowed on that ground also. Therefore, the Court denies Plaintiff's request to depose Councilmember Cathlin Gleason, Mr. Johnson, Chief Olifiers, Mayor Patterson-Howard, and Dr. Morton.

Fifth, Plaintiff seeks to depose Code Enforcement Manager Jamie Pessin. Plaintiff states that because Mr. Pessin accompanied Defendant Humphreys on multiple searches of Plaintiff's property, his testimony is "essential to fully understanding the scope and manner of these intrusions and the department's established practices." (Docket No. 220-1 at 6-7). The City Defendants do not object to Plaintiff's proposed deposition of Mr. Pessin. (Docket No. 230 at 10). The Court finds Mr. Pessin's testimony relevant because he personally witnessed some of the events at issue. Therefore, the Court will allow Plaintiff to depose Mr. Pessin.

Sixth, Plaintiff wants to depose former Second Deputy Corporation Counsel Anthony Odorisi. He states that Mr. Odorisi cited sections of the City Code as the "purported legal justification for warrantless entries onto private property," and claimed the forcible entering of a residence was permissible. (Docket No. 220-1 at 7). The City Defendants do not address Mr. Odorisi in their opposition. (*See generally* Docket No. 230). Plaintiff has not established what information Mr. Odorisi has that would not be privileged. Plaintiff may not inquire into topics regarding legal advice or interpretations Mr. Odorisi provided in his role as Second Deputy Corporation Counsel, as that would fall under the attorney-client privilege. *See Mitura v. Finco Servs., Inc.*, 739 F. Supp. 3d 231, 236 (S.D.N.Y. 2024). Thus, the Court denies Plaintiff's request to depose Mr. Odorisi.

Seventh, Plaintiff seeks to depose First Deputy Commissioner Hediye Mamak. He claims Commissioner Mamak has an "in-depth understanding of the code enforcement activities

and the reasoning behind the termination of Humphreys and McLaren-Nelson." (Docket No. 220-1 at 8). The City Defendants argue that Plaintiff has not alleged that Commissioner Mamak entered his property, and that her understanding of Humphreys and McLaren-Nelson's terminations is not relevant. (Docket No. 230 at 9). The Court agrees. Plaintiff has not established the relevance of Commissioner Mamak's testimony regarding the terminations. *See* Fed. R. Civ. P. 26(b)(1); *see also Deng*, 2015 WL 9450845, at *2. In addition, Plaintiff has not demonstrated how Commissioner Mamak's understanding of code enforcement activities would not be needlessly cumulative. *See Atkinson*, 2009 WL 890682, at *1. Thus, the Court denies Plaintiff's request to depose Commissioner Mamak.

Eighth, Petitioner seeks to depose Code Enforcement Officer Chimezie Ihedioha. He claims Mr. Ihedioha participated in an "unlawful eviction on January 22nd, 2025" and can testify to "code enforcement practices." (Docket No. 220-1 at 8). The City Defendants assert that the January 22, 2025 eviction "involves a different set of facts at a different address." (Docket No. 230 at 9). The parties appear to be referring to the January 22, 2025 eviction of Plaintiff's neighbor and the subsequent Article 78 petition filed in state court relating to that eviction. (*See* Docket No. 146 at 2). Plaintiff has not established the relevance of his neighbor's eviction or what relevant testimony Mr. Ihedioha has about the present case. *See Deng*, 2015 WL 9450845, at *2. Moreover, Plaintiff's reference to the City's code enforcement practices appears to relate to the informal policy and practices portion of Plaintiff's *Monell* claim, which were dismissed. (Docket No. 184 at 23-33). Thus, the Court denies Plaintiff's request to depose Code Enforcement Officer Ihedioha.

Ninth, Plaintiff requests permission to depose Deputy Corporation Counsel Christine Lombert. He claims Ms. Lombert pursued criminal charges against him without evidence. (Docket No. 220-1 at 8). The City Defendants state that Ms. Lombert simply represented the

City in the code enforcement proceedings before the city court and assisted "outside counsel for the City in the defense of this action." (Docket No. 230 at 9). They argue that the information that Ms. Lombert possesses "would be protected by the attorney-client privilege and/or the attorney work product doctrine." (*Id.*). The Court agrees. The testimony Plaintiff seeks from Ms. Lombert falls squarely in the realm of attorney-client privilege and work product protection and is therefore not discoverable. *See United States v. Town of Oyster Bay,* 14-CV-2317 (GRB)(SIL), 2022 WL 34586, at *3 (E.D.N.Y. Jan. 3, 2022), *aff'd as modified*, 2022 WL 4485154 (E.D.N.Y. Sept. 27, 2022). The Court will not permit Plaintiff to inquire into legal advice that Ms. Lombert provided in her role as counsel. *See Mitura,* 739 F. Supp. 3d at 236. Moreover, Plaintiff has failed to establish that Ms. Lombert has any relevant testimony since the criminal charges are separate from his civil case. (Docket No. 220-1 at 8). Therefore, the Court denies Plaintiff's request to depose Ms. Lombert.

Accordingly, the Court will permit Plaintiff to depose (1) David Gibson, (2) Patrick Holder, (3) Charlene Humphreys, (4) Montika Jones, (5) Dawnette McLaren-Nelson, (6) Sergeant Mario Stewart, and (7) Jamie Pessin. The Court denies Plaintiff's request to depose (1) Gregory Addison, (2) Damon Davis, (3) Cathlin Gleason, (4) Brian Johnson, (5) Darrell Morton, (6) Jennifer Lackard, (7) Marcel Olifiers, (8) Shawyn Patterson-Howard, (9) Anthony Odorisi, (10) Hediye Mamak, (11) Chimezie Ihedioha, and (12) Christine Lombert. Finally, the Court denies Plaintiff's request to exceed ten depositions.

D.  **Preemptively Restricting Discovery**

Plaintiff also asks the Court to deny the City Defendants' "request to preemptively restrict discovery." (Docket No. 218 at 2). He argues that the courts "disfavor premature, categorical objections to discovery." (Docket No. 219 at 4) (citation omitted). However, he has not explained what preemptive restrictions he challenges. Moreover, the City Defendants have

not made any such requests to the Court, outside of their response to Plaintiff's motion. (Docket No. 230). Accordingly, the Court denies Plaintiff's request without prejudice.

## II. CONCLUSION

For the reasons set forth herein, the Court denies (1) Plaintiff's request to clarify the scope of discovery and instructs Plaintiff that he must limit his discovery requests to matters relating to his surviving claims; (2) Plaintiff's request to exceed the limit of ten depositions; (3) Plaintiff's request to depose high-ranking officials such as the mayor, commissioner, and councilwomen; and (4) Plaintiff's request to depose Gregory Addison, Damon Davis, Cathlin Gleason, Brian Johnson, Darrell Morton, Jennifer Lackard, Marcel Olifiers, Shawyn Patterson-Howard, Anthony Odorisi, Hediye Mamak, Chimezie Ihedioha, and Christine Lombert.

The Court further denies without prejudice Plaintiff's request that the Court deny the City Defendants' efforts to preemptively restrict discovery.

Finally, the Court will permit Plaintiff to depose David Gibson, Patrick Holder, Charlene Humphreys, Montika Jones, Dawnette McLaren-Nelson, Sergeant Mario Stewart, and Jamie Pessin.

The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 218).

Dated:  June 11, 2025
        White Plains, New York

SO ORDERED:

*Judith C. McCarthy*
JUDITH C. McCARTHY
United States Magistrate Judge