UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. FECTEAU,

                    Plaintiff,

-against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                    Defendants.

------------------------------------------------------------X

**ORDER**

23 Civ. 09173 (KMK)(JCM)

Plaintiff Matthew Fecteau ("Fecteau" or "Plaintiff"), proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendants the City of Mount Vernon, Sergeant Mario Stewart, Detective Montika Jones, Dawnette McClaren-Nelson, David Gibson, and Patrick Holder (collectively, "City Defendants") and Charlene Humphreys ("Defendant Humphreys"). (Docket Nos. 1, 56). Currently before the Court is Plaintiff's motion for a protective order. (Docket No. 209). The City Defendants opposed the motion on May 7, 2025. (Docket No. 221). Plaintiff also moved for judicial notice of the indictment and court order in *People of the State of New York v. Damon Davis and Charlene Humphreys,* Indictment No. 70982-25/002. (Docket No. 214). For the following reasons, Plaintiff's motions are denied.

**I. DISCUSSION**

**A. Protective Order**

Federal Rule of Civil Procedure 26 provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

-1-

proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, "[a] party or any person from whom discovery is sought may move for a protective order," which may be issued upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (quoting *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Flores v. Stanford*, 18 Civ. 02468 (VB)(JCM), 2021 WL 4441614, at *4 (S.D.N.Y. Sept. 28, 2021) (internal quotations and citations omitted). The court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Plaintiff asks the Court to (1) direct Defendant Humphrey's deposition to occur outside the presence of the City Defendants and their counsel; (2) prohibit the City Defendants and their counsel from communicating with or preparing Defendant Humphreys for her deposition or discovery responses; (3) permit Plaintiff to treat Defendant Humphreys as an adverse witness; and (4) require Defendant Humphreys to produce her interrogatory responses without assistance from the City Defendants or their counsel. (Docket No. 209). He argues that the criminal charges against Defendant Humphreys create "a substantial risk that co-defendants or their counsel may attempt to influence Humphreys' testimony to mitigate their own liabilities," and that influence could also compromise Defendant Humphrey's Fifth Amendment rights. (Docket No. 210 at 2-3). The City Defendants maintain that the criminal allegations have no bearing on

the present case, and that the City Defendants and their attorneys "are entitled to attend the deposition of other parties in this case." (Docket No. 221 at 2). The City Defendants further advise that they will "most likely not assist Ms. Humphreys with her discovery responses." (*Id.* at 4).

The Court finds that Plaintiff has not shown good cause for the exclusion of the City Defendants and their counsel from Defendant Humphreys' deposition and assistance with her discovery responses, if they wish to do so. Plaintiff has not articulated any need to protect himself or Defendant Humphreys from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rather, he argues that there is a risk that the City Defendants may try to influence Humphreys' testimony. (Docket No. 210 at 2). However, this is pure speculation, and Plaintiff has not articulated any reason, or set forth any legal authority, that supports precluding the City Defendants, or their attorneys. In addition, Plaintiff has not explained how the criminal charges that Defendant Humphreys faces could cause the City Defendants or their counsel to influence her testimony. Plaintiff simply states that he has been asked to testify against Defendant Humphreys and that there are "overlapping issues and involvement of other Mount Vernon city employees." (Docket No. 211 at 2). This is not sufficient to preclude the City Defendants and their counsel from attending Defendant Humphreys' deposition or assisting her in her discovery responses, if they wish. *Flores*, 2021 WL 4441614, at *4. Co-defendants often have overlapping issues and conflicts of interest that do not require sequestration. Plaintiff may inquire at Defendant Humphreys' deposition into any communications or coordination between Defendant Humphreys and the City Defendants. Moreover, Defendant Humphreys, not Plaintiff, must raise any Fifth Amendment concerns that she may have. *See Couch v. United States*, 409 U.S. 322, 328 (1973) ("[T]he Fifth Amendment privilege is a personal privilege . . . The Constitution explicitly prohibits compelling an accused

-3-

to bear witness 'against himself': it necessarily does not proscribe incriminating statements elicited from another."); *Elleby v. Coveny*, 1:18-cv-02694 (KPF)(SDA), 2018 WL 10323796, at *8 n.7 (S.D.N.Y. Nov. 15, 2018), *report and recommendation adopted*, 2019 WL 5205384 (S.D.N.Y. Oct. 16, 2019) (Plaintiff "may not vicariously assert a claim predicated on a deprivation of the Fifth Amendment rights of others."). Plaintiff has failed to assert a "clearly defined, specific and serious injury" that would occur to him if the City Defendants were permitted to participate in Defendant Humphreys' deposition or assist with her discovery responses. *Flores*, 2021 WL 4441614, at *4 (citation omitted).

Moreover, Rule 26(c)(1)(E) "should not be invoked 'because of some inchoate fear that perjury would otherwise result.'" *Baylis v. Pirelli Armstrong Tire Corp.*, No. 3:97 CV 729 (PCD), 1997 WL 1052016, at *1 (D. Conn. Oct. 31, 1997) (citation omitted). As of this date, there is no evidence that Defendant Humphreys would perjure herself if the City Defendants participated in her deposition or assisted in her discovery responses. Plaintiff has failed to offer information sufficient to meet his burden of persuasion for a protective order. *Laws v. Cleaver*, No. 3:96CV92 (JBA)(JGM), 2000 WL 87160, at *1 (D. Conn. Jan. 6, 2000) (finding plaintiff had not adequately demonstrated that defendants would falsify testimony, and that sequestration would not avoid the feared harm because defendants were coworkers). Thus, Plaintiff has failed to establish good cause for the issuance of a protective order requiring sequestration of the City Defendants.

Furthermore, the cases in which courts in this Circuit have excluded a party from a deposition typically involve a risk of emotional harm to the moving party if the other party is present. *See Austin v. Fordham Univ.*, 23 Civ. 4696 (JLR)(GS), 2024 WL 3161854, at *2-3 (S.D.N.Y. June 25, 2024) (permitting exclusion of the defendant, but not his counsel, from the plaintiff's deposition after the defendant had raped plaintiff); *see also Ameduri v. Vill. of*

*Frankfort*, Civ. Action No. 6:11-CV-0050 (MAD/DEP), 2012 WL 13172920, at *1-3 (N.D.N.Y. July 17, 2012) (granting plaintiff's request for a protective order to exclude officers who assaulted plaintiff because their inclusion would be detrimental to plaintiff's psychiatric condition, as supported by plaintiff's psychiatrist's affidavit); *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (where plaintiff had already violated the court's temporary restraining order and the deposition could be seen as a way to harass defendant). No such emotional harm has been asserted here. In addition, in both *Austin* and *Ameduri*, the court permitted the party's attorneys to be present, and allowed the excluded defendants to observe the deposition remotely. *See Austin*, 2024 WL 3161854, at *4; *see also Ameduri*, 2012 WL 13172920, at *4. Thus, Plaintiff has failed to establish good cause for excluding the City Defendants or their counsel from Defendant Humphreys' deposition.

Plaintiff also requests that he be allowed to treat Defendant Humphreys as an adverse witness due to her pending felony charges. (Docket No. 209 at 2). However, he does not address this request in his memorandum of law or declaration in support of his motion. (*See generally* Docket Nos. 210, 211). It is not clear what relief Plaintiff seeks since depositions often include cross-examination. *Avila v. Target Corp.*, 21-CV-907 (PKC)(JMW), 2022 WL 14059076, at *1 (E.D.N.Y. Oct. 24, 2022). Nevertheless, the Court will not grant Plaintiff permission to treat Defendant Humphreys as an adverse witness and reminds Plaintiff that the deposition cannot be conducted "in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A).

Accordingly, the Court denies Plaintiff's motion for a protective order.

## B. Judicial Notice

Under Rule 201, the "court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). The Court "may judicially notice a fact that is not subject to reasonable dispute

because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[C]ourts may take judicial notice of public documents or matters of public record . . . including the contents of court dockets." *Ng v. Sedgwick Claims Mgmt. Servs. Inc.*, 23-CV-10380 (MKV)(BCM), 2024 WL 4827574, at *4 (S.D.N.Y. Nov. 19, 2024) (internal citations and quotations omitted). However, a court cannot take judicial notice of a document filed in another court for the truth of the matters asserted in the other litigation, "but rather to establish the fact of such litigation and related filings." *FDIC v. Concordia*, No. 23-CV-7222-LTS-GWG, 2024 WL 4362783, at *2 (S.D.N.Y. Sept. 30, 2024) (citation omitted). This includes filings such as complaints. *Press v. Primavera*, 685 F. Supp. 3d 216, 225 (S.D.N.Y. 2023).

Plaintiff asks this Court to take judicial notice of the indictment and court order in the criminal case against Defendant Humphreys. (Docket No. 214). He claims the April 22, 2025 indictment is "relevant to [his] claims in this case regarding allegations of fraudulent records and misconduct by government officials." (Docket No. 213 at 2). He attaches the state court indictment against Damon Davis and Charlene Humphreys, Indictment No. 70982-25/002, (Docket No. 213-1), and the standard *Brady v. Maryland*, *Giglio v. United States*, and *People v. Geaslen* order ("*Brady* Order") in that case, (Docket No. 213-2).

The Court will not take judicial notice of the contents of the indictment and the standard *Brady* Order. While "[c]ourts may take judicial notice of public documents or matters of public record . . . including the contents of court dockets," *Ng*, 2024 WL 4827574, at *4 (internal citations and quotations omitted), this Court has already taken judicial notice of the criminal charges filed against Defendant Humphreys, (Docket No. 159 at 17). Here, Plaintiff asks the Court to take judicial notice of the documents because "they contain facts directly relevant to the

case at hand." (Docket No. 213 at 2). This is precisely the type of information the Court does *not* take judicial notice of because it is offered for the "truth of the matters asserted in the other litigation." *FDIC*, 2024 WL 4362783, at *2 (citation omitted). Plaintiff is not offering the indictment "merely to establish that the documen[t] [was] filed" in state court but rather "to have the facts therein considered in support of" his request for a protective order. *FDIC*, 2024 WL 4362783, at *3. Therefore, the Court will not take judicial notice of the contents of the indictment. In addition, the Court will not take judicial notice of the *Brady* Order, as the Court has already taken notice of the criminal case, and the *Brady* Order has no relevance to the present case.

Accordingly, the Court denies Plaintiff's request for judicial notice.

## II. CONCLUSION

For the reasons set forth herein, the Court denies Plaintiff's motion for a protective order and motion for judicial notice. The Clerk of Court is respectfully requested to terminate the pending motions (Docket Nos. 209 and 214).

Dated: June 11, 2025
       White Plains, New York

                                        **SO ORDERED:**

                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge