UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MATTHEW J. FECTEAU,

                Plaintiff,

   -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                Defendants.

-------------------------------------------------------------X

**ORDER**

23 Civ. 09173 (KMK)(JCM)

      Since November 11, 2024, Plaintiff, who is proceeding *pro se*, has filed numerous motions regarding discovery disputes and procedural issues. (*See, for example*, Docket Nos. 84, 88, 100, 110, 116, 120, 136, 138, 142, 145, 151, 163, 176, 179, 200, 205, 208, 209, 214, 218, 226, 229). It is clear from the filings that Plaintiff has not meaningfully met and conferred with opposing counsel prior to submitting most of these requests in accordance with Federal Rule of Civil Procedure 37(a)(1) and Section 2.A of this Court's individual rules. This makes it difficult for opposing counsel to effectively respond to each of Plaintiff's concerns, burdens the Court with issues that may have otherwise been resolved, and unnecessarily delays the progress of litigation.

Therefore, in order to facilitate the progress of this litigation in a just and speedy manner and to prevent the accumulation of unresolved issues, the following procedures must be followed for the resolution of discovery disputes[1]:

1. If Plaintiff wishes to bring a dispute to the Court's attention, he must first submit a letter to the opposing party setting forth the nature of the dispute. This letter cannot exceed three single-spaced pages. If the parties cannot resolve the dispute on their own, within five days of receipt of Plaintiff's letter, the opposing party must file a joint letter with the Court summarizing the dispute at issue, setting forth their position, and attaching Plaintiff's letter as an exhibit.

2. If Defendants wish to bring a dispute to the Court's attention, they must first submit a letter to Plaintiff setting forth the nature of the dispute. This letter cannot exceed three single-spaced pages. If the parties cannot resolve the dispute on their own, within five days of receipt of Defendants' letter, Plaintiff must respond to Defendants, by letter, not to exceed three single-spaced pages. Upon receipt of Plaintiff's response, Defendants must file a joint letter with the Court summarizing the dispute at issue, attaching as exhibits their letter to Plaintiff and Plaintiff's response.

All communications between the parties and with the Court must be courteous and respectful and must not contain language that can be construed as abusive or threatening in any manner.

Furthermore, the parties cannot seek judicial notice outside the scope of a motion. *See Barton v. Delfgauw*, Case No. 3:21-cv-05610-JRC, 2022 WL 18108395, at *1 (W.D. Wash. Mar. 14, 2022); *see also Salesbrain, Inc. v. AngelVision Techs.*, No. C 12-05026 LB, 2013 WL

---

[1] "Management of discovery lies within the province of the district court, which has wide discretion in its handling of pre-trial discovery." *Deluca v. Sirius XM Radio, Inc.*, No. 12-cv-8239, 2016 WL 3034332, at *1 (S.D.N.Y. May 27, 2016) (citations and internal quotations omitted).

1191236, at *1 n.3 (N.D. Cal. Mar. 21, 2013) (declining to take judicial notice of certain information because the court found it unnecessary to the resolution of the motion).

Failure to comply with the terms of this Order may result in waiver of legal rights and privileges, or sanctions. The limitations set forth herein and in scheduling orders made by the Court, whether oral or in writing, are to be strictly observed, and the parties and counsel are not authorized to modify any limitations without the prior approval of the Court.

Dated:  June 12, 2025
        White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge
