UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MATTHEW J. FECTEAU,

                            Plaintiff,

       -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                        Defendants.

---------------------------------------------------------------X

**ORDER**

23 Civ. 09173 (KMK)(JCM)

       Plaintiff Matthew Fecteau ("Fecteau" or "Plaintiff"), proceeding *pro se*, brought this 42

U.S.C. § 1983 action against Defendants the City of Mount Vernon, Sergeant Mario Stewart,

Detective Montika Jones, Dawnette McClaren-Nelson, David Gibson, and Patrick Holder

(collectively, "City Defendants") and Charlene Humphreys ("Defendant Humphreys"). (Docket

Nos. 1, 56).  Currently before the Court are two disputes: (1) alleged discovery deficiencies and

pre-deposition interviews, (Docket No. 257); and (2) the production of photographs by the City

Defendants, (Docket No. 258).  For the following reasons, Plaintiff's requests are granted in part

and denied in part.

**I.    DISCUSSION**

       Plaintiff raises nine alleged discovery deficiencies in his June 25, 2025 letter. (Docket

No. 257-1).  The City Defendants opposed the requests and state they have produced all relevant

documents. (Docket No. 257).  Plaintiff also complains that the City Defendants hired a private

investigator who improperly questioned witnesses prior to depositions. (Docket No. 257-2).  The

City Defendants maintain this is permitted. (Docket No. 257). Plaintiff also asserts in his July 1 and 2, 2025 letters that the City Defendants have failed to produce photographs of his residence that were taken during visits and inspections of his property. (Docket Nos. 258-1, 258-2). The City Defendants counter that they have produced all of the photographs that the City has in its possession. (Docket No. 258).

**A.    Discovery Deficiencies**

Plaintiff asserts that the City Defendants have failed to produce (1) training records and standard operating procedures ("SOPs") regarding "warrantless entry or constitutional limits on enforcement;" (2) the entirety of Defendant Humphreys' disciplinary records; (3) supporting documentation and metadata for anonymous complaints; (4) e-mails involving Defendant Humphreys and other city officials during the relevant time period; (5) interpretive guidance on Mount Vernon City Code § 149-42(A); (6) an explanation or sworn certification regarding the spoliation of body-worn camera ("BWC") footage and photographs; (7) search warrants or affidavits of service for inspections of Plaintiff's property; (8) attendance or timekeeping logs for inspections of his property; and (9) police or investigative reports regarding Defendant Humphreys. (Docket No. 257-1). The City Defendants counter that they have produced all relevant documents and that several of the requests exceed the scope of permitted discovery. (Docket No. 257). Plaintiff also claims the City has "failed to produce any digital photographs taken from inside the basement" of his home "between August 1, 2022, and March 31, 2023." (Docket No. 258-1). He further adds that the photographs produced post-date the relevant timeframe and do not capture the events in question. (Docket No. 258-2). The City Defendants maintain that they have produced all the relevant photographs they have. (Docket No. 258).

Federal Rule of Civil Procedure 26 provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This rule "limits discovery to matter that is relevant to any party's claim or defense." *Deng v. New York State Off. of Mental Health*, 13-CV-6801 (ALC)(RLE), 2015 WL 9450845, at *2 (S.D.N.Y. Dec. 23, 2015).[1]

First, Plaintiff seeks discovery of several documents relating to training and the enforcement of city policies that are not relevant to the remaining claims. The Court may "deny discovery of matter that is relevant *only* to claims or defenses that have been stricken." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225, at *7 (S.D.N.Y. Oct. 24, 2014) (internal citations and quotations omitted); *see also Holland v. Lions Gate Ent. & Films,* 21-CV-2944 (AT)(JLC), 2023 WL 3554832, at *2 (S.D.N.Y. Apr. 13, 2023) (denying the motion to compel discovery that did not relate to plaintiff's remaining claim). As addressed in the Court's June 11, 2025 Order, Plaintiff may only seek discovery relating to the City's formal policy at issue and not relating to informal policies. (Docket No. 247 at 3). Since the Honorable Kenneth M. Karas previously determined that Plaintiff plausibly alleged the statute was unconstitutional and that there were sufficient allegations to "infer that the alleged intrusions occurred because of § 149-42(A)," documents concerning the interpretation of § 149-42(A) are not relevant to the remaining claims. (Docket No. 184 at 20-22). In addition, Plaintiff has not explained why he requires interpretive guidance regarding § 149-42(A) in light of the

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

Court's ruling on the *Monell* claim. The City's interpretation of the statute would not alter the fact that City officials inspected Plaintiff's property on multiple occasions under the statute, without a warrant. Plaintiff claims police reports regarding Defendant Humphreys are "relevant to municipal knowledge and policy." (Docket No. 257-1 at 2). However, the Court already dismissed Plaintiff's informal policy claims, (Docket No. 184 at 23-33), and police records regarding a building inspector have no bearing on the formal policy outlined in § 149-42(A). Therefore, police reports regarding Defendant Humphreys are not relevant to any remaining claims. Accordingly, the Court denies discovery regarding the City Defendants' interpretation of § 149-42(A) and police reports regarding Defendant Humphreys.

Second, Plaintiff seeks discovery of documents and records that the City Defendants maintain do not exist. The City Defendants assert that no further training records or SOPs exist beyond those produced. (Docket No. 257 at 1-2).[2] They maintain that Mount Vernon Code Enforcement Officers "receive initial certification, and then annual in-service training, from the State of New York." (*Id.* at 1). They also explain that it is undisputed that the building inspectors did not obtain search warrants to search Plaintiff's property, thus, no such search warrants exist. (*Id.* at 3). They similarly contend that there is no attendance, timekeeping, or GPS information regarding who visited Plaintiff's property. (*Id.*). The City Defendants also assert they have produced the entirety of Defendant Humphreys' personnel file and all e-mails relevant to Plaintiff's claims. (*Id.* at 2). Finally, the City Defendants have "checked and double-

---

[2] The training records Plaintiff seeks also relate to the failure to train theory that the Court dismissed, (Docket No. 184 at 28-30), and are, therefore, not relevant. *See Refco Grp. Ltd.*, 2014 WL 5420225, at *7.

checked with the City" for the existence of further photographs and have produced all of the photographs that the City has in its "possession, custody and control." (Docket No. 258).

The "Court cannot compel production of what does not exist." *Am. Banana Co. v. Republic Nat'l Bank of New York, N.A.,* No. 99 CIV 1330 (AGS), 2000 WL 521341, at *3 (S.D.N.Y. May 1, 2000). Plaintiff has not established a "basis to believe additional documents exist." *Butler v. All Am. Bar on First Ave. Inc.*, CIVIL ACTION NO. 21 Civ. 164 (VSB)(SLC), 2022 WL 827821, at *1 (S.D.N.Y. Feb. 25, 2022) (citing *Am. Banana Co.*, 2000 WL 521341, at *3). Moreover, Plaintiff can explore the existence of such documents in depositions. *See id.* Accordingly, the Court denies Plaintiff's requests for the production of further records that the City Defendants maintain do not exist.

Third, Plaintiff seeks "metadata, intake documentation, internal routing or logging records, and any files or communications verifying [the] existence, authenticity, or internal response" to anonymous complaints that were produced. (Docket No. 257-1 at 1). The City Defendants argue that such data "would not be proportional to the needs of this case." (Docket No. 257 at 2). "The discovery of metadata is also subject to the balancing test of Rule 26(b)(2)(C), which requires a court to weigh the probative value of proposed discovery against its potential burden." *Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008). In addition, "if metadata is not sought in the initial document request, and particularly if the producing party already has produced the documents in another form, courts tend to deny later requests, often concluding that the metadata is not relevant." *Id.* at 357 (collecting cases). "Courts in the Second Circuit have denied requests for metadata, even where the metadata itself might have some probative value, where that potential value is 'outweighed by the cost and burden of production.'" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, CIVIL ACTION NO. 14 MD 2542 (VSB)(SLC), 2020 WL

1940557, at *2 (S.D.N.Y. Apr. 22, 2020) (collecting cases).  Although Plaintiff requests the metadata to support the "existence" and "authenticity" of the anonymous complaints, he does not provide any reason to doubt their authenticity or existence. (Docket No. 257-1 at 1).  Because Plaintiff does not identify a sufficient need for the metadata, "requiring Defendants to reproduce the [documents with metadata] would impose an undue burden on [Defendants] far exceeding any value or potential relevance records in that format would have for this litigation." *Babakhanov v. Ahuja*, 23-cv-2785 (LJL), 2023 WL 6977394, at *2 (S.D.N.Y. Oct. 23, 2023) (citations omitted).  Accordingly, the Court denies this request.

Fourth, Plaintiff seeks "an explanation, or sworn certification" about the destruction of BWC footage and photographs. (Docket No. 257-1 at 2).  Specifically, he requests information regarding "when and how [the BWC footage] was lost, or what was done to preserve it." (*Id.*). The City Defendants do not dispute that the body-worn camera footage was "inadvertently destroyed" but assert that a sworn explanation is "not proportional to the needs of the case." (Docket No. 257 at 2-3).  They also state that the "footage was destroyed because it was not classified under the appropriate event, and was then automatically deleted according to another retention schedule." (*Id.* at 2).  Plaintiff previously moved for sanctions against Defendants for destruction of BWC footage. (Docket No. 126).  The Honorable Kenneth M. Karas denied the motion for sanctions without prejudice because "Plaintiff [had] not presented evidence that such destruction was done intentionally or in bad faith." (Docket No. 184 at 39).

To establish a claim of spoliation, Plaintiff must prove "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the [evidence was] destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Tchatat v. O'Hara*, 249 F. Supp. 3d 701, 706 (S.D.N.Y.

2017), *objections overruled*, No. 14 CIV. 2385 (LGS), 2017 WL 3172715 (S.D.N.Y. July 25, 2017), *aff'd sub nom. Tchatat v. City of New York*, 795 F. App'x 34 (2d Cir. 2019) (quoting *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012)).  "Spoliation of electronically stored information ('ESI'), including electronically stored video footage, is governed by Rule 37(e) of the Federal Rules of Civil Procedure." *Chepilko v. Henry*, 722 F. Supp. 3d 329, 338 (S.D.N.Y. 2024), *appeal dismissed* (Feb. 4, 2025).  Under Rule 37(e), a party must demonstrate "(1) that relevant ESI existed; (2) that the ESI should have been preserved in anticipation of litigation; (3) that the allegedly spoliating party did not take reasonable steps to preserve the ESI; and (4) that the ESI cannot be entirely restored or replaced." *Id.* (citations omitted).

Plaintiff previously obtained an affidavit from Captain Gregory Addison, which stated that the Mount Vernon Police Department ("MVPD") "should have followed the New York State retention policy adopted by City Hall, which required deletion after 180 days" rather than the 90-day policy the MVPD followed in 2023. (Docket No. 128-2 at 2).  The AXON Evidence Audit Trail for the March 13, 2023 BWC footage, which Plaintiff has, indicates that the footage was labeled and uploaded, with a deletion scheduled for 180 days, and then rescheduled for one week after the 180 days. (Docket No. 128-4 at 2-3).  This raises the question of when the MVPD deleted all of the footage Plaintiff requested – at 90 days as Captain Addison stated in his affidavit or at 180 days as the AXON report provides.  At the July 14, 2025 teleconference, Plaintiff informed the Court that he has the audit trail and affidavit for the February 26, 2023 BWC footage at issue as well, which Plaintiff formally requested through a FOIL request on July 19, 2023. (Docket No. 128-3 at 5).  Given this apparent inconsistency, the City Defendants must provide Plaintiff with a sworn affirmation outlining when all relevant BWC footage was deleted,

what the MVPD did to preserve the relevant BWC footage, and why the March 13, 2023 BWC footage was kept for 180 days.

In summary, the Court denies as moot Plaintiff's requests for production of (1) further training records and SOPs; (2) the remainder of Defendant Humphreys' disciplinary records; (3) search warrants or affidavits of service for inspections of his property; and (4) attendance or timekeeping logs for inspections of his property. (Docket No. 257-1).  The Court also denies Plaintiff's requests for production of (1) supporting documentation and metadata for anonymous complaints; (2) further e-mails involving Defendant Humphreys and other city officials during the relevant time period; (3) interpretive guidance on Mount Vernon City Code § 149-42(A); and (4) police or investigative reports regarding Defendant Humphreys. (*Id.*).  The Court also denies Plaintiff's request for further discovery concerning additional photographs of his property. (Docket Nos. 258-1, 258-2).  The Court grants Plaintiff's request for a sworn affirmation regarding the deletion of BWC footage. (Docket No. 257-1).

**B.    Pre-Deposition Interviews**

Plaintiff also asserts that the City Defendants have "engaged a private investigator who is actively attempting to contact and question non-party witnesses in this case" concerning their "anticipated deposition testimony." (Docket No. 257-2 at 1).  Plaintiff claims this is improper because it circumvents the "orderly discovery procedures," constitutes potential witness tampering, and is an improper failure to disclose witness contact. (*Id.* at 1-2).  The City Defendants maintain there is "nothing wrong with defense counsel reaching out to speak with witnesses" about Plaintiff or his case and that no applicable privilege applies. (Docket No. 257 at 3).

"It is consistent with 'time-honored and decision-honored principles . . . that counsel for all parties have a right to interview an adverse party's witnesses (the witness willing) in private,

without the presence or consent of opposing counsel and without a transcript being made.'" *G-I Holdings, Inc. v. Baron & Budd*, 199 F.R.D. 529, 533 (S.D.N.Y. 2001) (quoting *International Business Machines Corp. v. Edelstein*, 526 F.2d 37, 42 (2d Cir. 1975)).  In addition, "[i]t is customary today for the lawyers for a witness or party subject to deposition testimony, to meet with the witness prior to depositions and interview the witness in depth." *In re Johns-Manville Corp.*, 40 B.R. 219, 224 (S.D.N.Y. 1984).  "The Federal Rules of Civil Procedure have never been thought to preclude the use of such venerable, if informal, discovery techniques as the *ex parte* interview of a *witness who is willing to speak*." *Walker v. United States*, 18 CV 2829 (ARR)(CLP), 2021 WL 4988151, at *4 (E.D.N.Y. Aug. 10, 2021) (internal citations and quotations omitted); *see also Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals,* 272 F.R.D. 124, 125 (S.D.N.Y. 2011) (permitting *ex parte* interviews of non-party witnesses).  Therefore, counsel for the City Defendants may interview non-party witnesses *ex parte*.

"It is an unsettled question whether the work product immunity protects the identities of those persons interviewed by an attorney or his agent in anticipation of litigation, but courts in this district have noted that the identities of people interviewed as part of counsel's investigation into the facts of the case have the potential to reveal counsel's opinions, thought processes, or strategies, and are therefore protected." *Steele v. CVS Pharmacy, Inc.*, 15-CV-4261 (JGK)(KNF), 2016 WL 1659317, at *1 (S.D.N.Y. Apr. 18, 2016) (internal citations and quotations omitted). While the City Defendants must provide Plaintiff with the names of individuals with knowledge or information relevant to the case under Rule 26, the City Defendants do not have to provide a list of individuals interviewed by counsel. *See Tracy v. NVR, Inc.*, 250 F.R.D. 130, 132-33 (W.D.N.Y. 2008) (collecting cases); *see also Morgan v. City of New York*, No. 00Civ.9172 (LMM)(DFE), 2002 WL 1808233, at *3 (S.D.N.Y. Aug. 6, 2002) (requiring plaintiff to answer

an interrogatory requesting the identity of everyone with knowledge but not an interrogatory requesting the identity of everyone plaintiff contacted or interviewed); *see also Seven Hanover Assocs., LLC v. Jones Lang LaSalle Americas, Inc.,* No. 04 Civ. 4143 (PAC)(MHD), 2005 WL 3358597, at *1 n.1 (S.D.N.Y. Dec. 7, 2005); *Smalls v. New York Hosp. Med. Ctr. of Queens*, 13 CV 1257 (RRM), 2013 WL 12333083, at *2 (E.D.N.Y. Oct. 15, 2013) (citations omitted) (finding "[t]he weight of authority in this Circuit holds" that the identification of persons with knowledge about the claims or defenses should be produced upon request, but the "identification of persons who have been contacted or interviewed by counsel . . . is not discoverable"). Thus, the City Defendants do not need to provide Plaintiff with a list of individuals interviewed. However, if the City Defendants learn of any new witnesses with knowledge during the course of discovery, they must supplement their Rule 26 disclosures to include the identity of those individuals.

Accordingly, the Court denies Plaintiff's request to require the City Defendants to provide a list of all witnesses contacted and cease any pre-deposition questioning.

## II. CONCLUSION

For the reasons set forth herein, the Court denies Plaintiff's requests for production of (1) further training records and SOPs; (2) the remainder of Defendant Humphreys' disciplinary records; (3) search warrants or affidavits of service for inspections of his property; (4) attendance or timekeeping logs for inspections of his property; (5) supporting documentation and metadata for anonymous complaints; (6) further e-mails involving Defendant Humphreys and other city officials during the relevant time period; (7) interpretive guidance on Mount Vernon City Code § 149-42(A); and (8) police or investigative reports regarding Defendant Humphreys. The Court also denies Plaintiff's request for further discovery concerning additional photographs of his property, and for a list of all witnesses contacted. Plaintiff's request that the City Defendants

cease pre-deposition questioning of witnesses is also denied.  The Court grants Plaintiff's request

for a sworn affirmation regarding the deletion of the requested BWC footage.

Dated:    August 6, 2025
          White Plains, New York

                              **SO ORDERED:**

                              _____
                              JUDITH C. McCARTHY
                              United States Magistrate Judge