UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. FECTEAU,

                Plaintiff,

  -against-

The CITY OF MOUNT VERNON,
COMMISSIONER PATRICK HOLDER,
COMMISSIONER DAVID GIBSON,
SERGEANT MARIO STEWART,
DETECTIVE MONTIKA JONES,
Ms. CHARLENE HUMPHREYS,
Ms. DAWNETTE MCLAREN-NELSON,

                Defendants.

------------------------------------------------------------X

**ORDER**

23 Civ. 09173 (KMK)(JCM)

      Plaintiff Matthew Fecteau ("Plaintiff") served Rule 45 subpoenas on (1) the Westchester County District Attorney's Office ("WCDAO"); (2) 701 Columbus, LLC, Esq.; (3) Warren Cohen; and (4) Safety National Casualty Corporation ("Safety National"). Currently before the Court are motions to quash these non-party subpoenas.[1] (Docket Nos. 265, 271, 274). Plaintiff opposed the motions and moved to preclude the City Defendants'[2] and Safety National's motions to quash. (Docket Nos. 275, 276, 277). Safety National replied to Plaintiff's opposition. (Docket No. 279). For the reasons set forth herein, the Court grants the motions to quash the subpoenas and denies Plaintiff's motions to preclude the City Defendants' and Safety National's motions to quash.

---

[1] At oral argument on August 1, 2025, the Court waived the need for formal motion practice on the consent of the parties and non-parties, and relied on the pre-motion letters and oral argument. For ease of reference, the Court will refer to the pre-motion letters as motions.

[2] The City Defendants include the City of Mount Vernon, Sergeant Mario Stewart, Detective Montika Jones, Dawnette McLaren-Nelson, David Gibson, and Patrick Holder.

-1-

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This rule "limits discovery to matter that is relevant to any party's claim or defense." *Deng v. New York State Off. of Mental Health*, 13-CV-6801 (ALC)(RLE), 2015 WL 9450845, at *2 (S.D.N.Y. Dec. 23, 2015).[3] Discovery must be both relevant to a claim or defense and "proportional to the needs of the case." *Kaiser Aluminum Warrick, LLC v. U.S. Magnesium, LLC.*, 22-CV-3105 (JGK)(KHP), 2023 WL 2024620, at *1 (S.D.N.Y. Feb. 15, 2023) (citing Fed. R. Civ. P. 26(b)(1)).

"Rule 45 provides a corresponding level of protection for persons subject to subpoena." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (citation omitted); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2023) ("Rule 45(d)(3) … tracks the provisions for discovery found in Rule 26(c)[.]"). It provides that a court may quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "The determination of whether a subpoena subjects a witness to undue burden is committed to the sound discretion of the trial court." *In re Blackstone Partners, L.P.*, No. 04 Civ. 7757 (NRB), 2005 WL 1560505, at *2 (S.D.N.Y. July 1, 2005) (internal

---

[3] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

citations and quotations omitted). The movant bears the burden of establishing undue burden. *Id.* "Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such factors as relevance, the need of the party for the [discovery], the breadth of the [discovery] request, the time period covered by it, the particularity with which the [discovery is] described and the burden imposed.'" *Concord Boat Corp.,* 169 F.R.D. at 49 (quoting *United States v. International Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Courts in the Second Circuit have "held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome." *Adomni, Inc. v. CT Media, LLC*, 23 Civ. 10338 (DEH), 2024 WL 4981510, at *2 (S.D.N.Y. Nov. 19, 2024) (citation omitted).

"To survive a motion to quash, 'the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *State Farm Mut. Auto. Ins. Co. v. Linden Orthopaedic P.C.*, 23 Civ. 8678 (PAE), 2024 WL 4416588, at *1 (S.D.N.Y. Oct. 4, 2024) (citation omitted). "A subpoena that pursues material with little apparent or likely relevance to the subject matter [ ] is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Adomni*, 2024 WL 4981510, at *2 (citation omitted).

## II.  DISCUSSION

### A.  WCDAO Subpoena

Plaintiff served a subpoena on the WCDAO, requesting production of "certified copies of all documents related to the criminal case People v. Charlene Humphreys, including the indictment, felony complaint, affidavits, any statements or confessions, investigative reports, transcripts, witness interviews, or internal memos." (Docket No. 239-5). The WCDAO now moves to quash the subpoena, arguing that the criminal case against Defendant Humphreys "involves actions Humphreys took in her private capacity, not as a [Department of Buildings]

employee," and is "wholly unrelated to the instant case." (Docket No. 265 at 1). The WCDAO asserts that disclosure of records from the criminal case "would have a chilling effect on the WCDAO's ability to prosecute the case against Humphreys," and the records "constitute attorney work product, reveal predecisional analysis, constitute intra-agency communications, and would reveal confidential information." (*Id.* at 2). Plaintiff counters that Humphreys' fraudulent conduct in her personal capacity likely translated into fraudulent conduct in her professional capacity. (Docket No. 275 at 3). He summarily concludes that Humphreys likely falsified records relating to his property at issue in this case. (*Id.*). Plaintiff asserts, without authority, that the "**governmental privileges are not absolute** and do not shield communications involving misconduct." (*Id.* at 4) (emphasis in original).

      The Court agrees that the information in Humphreys' criminal file is not relevant to Plaintiff's underlying civil claims. The WCDAO submitted the indictment from Humphreys' case, which shows that the charges involve forgery, criminal possession of a forged instrument, falsifying business records, attempted grand larceny, and a scheme to defraud relating to Humphreys and a co-defendant's purchase of several properties in Mount Vernon. (Docket No. 265-1). Defendant Humphreys is accused of purchasing the properties using an alias, business accounts she personally created, and a personal e-mail address. (Docket Nos. 265-2 at 2-3; 265-3 at 2-3). None of the subject properties are Plaintiff's property. In addition, there are no allegations that the criminal conduct at issue relates to Defendant Humphreys' work as a Department of Buildings employee, and the criminal case has no bearing on her alleged warrantless entries here. The record does not establish that "the information sought is relevant and material to the allegations and claims at issue in the proceedings." *State Farm*, 2024 WL 4416588, at *1 (citation omitted). Consequently, Defendant Humphreys' "criminal activities are utterly irrelevant to the issues in this lawsuit and the court will not allow the [Plaintiff] to turn

this lawsuit into a trial of [Humphreys]." *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166 (TCP)(WDW), 2005 WL 2133595, at *4 (E.D.N.Y. Sept. 1, 2005).

Assuming, *arguendo,* that the requested documents are relevant, they are protected from disclosure by various privileges. First, the prosecutor's notes, memoranda, investigative reports, and witness interviews are protected by the attorney work product privilege. *See Am. Oversight v. United States Dep't of Just.*, 45 F.4th 579, 591 (2d Cir. 2022) (collecting cases); *see also Powell v. United States*, 19 Civ. 11351 (AKH), 2022 WL 2188167, at *3-4 (S.D.N.Y. June 17, 2022). Second, grand jury proceedings in New York are secret and may not be disclosed in federal court unless a party shows a "particularized need" for disclosure. *Phillip H. Owens v. The County of Monroe*, 6:21-CV-6445 (FPG)(CDH), 2025 WL 1902225, at *6 (W.D.N.Y. July 10, 2025) (citations omitted). Plaintiff has not demonstrated any particularized need for these records. Third, the investigative reports also fall under the deliberative process privilege, which "covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Tigue v. U.S. Dep't of Just.*, 312 F.3d 70, 76 (2d Cir. 2002) (citations omitted). The deliberative process privilege, also known as the "executive privilege," applies to decisions by the executive and its staff, used to "assist the executive in reaching a policy decision when such documents are both (1) predecisional and (2) deliberative." *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 158 (S.D.N.Y. 2017) (citation omitted). Thus, the governmental agency need not disclose the conclusions and recommendations of its investigators, attorneys, or executives, because they are "predecisional" and "deliberative" relating to the prosecution of Humphreys. Therefore, the documents Plaintiff seeks from the WCDAO fall under the work product privilege, the secrecy of the grand jury proceedings, and the deliberative process privilege.

Accordingly, the Court grants the WCDAO's motion to quash the subpoena.

## B. 701 Columbus, LLC & Warren Cohen Subpoenas

Plaintiff served a Rule 45 subpoena on 701 Columbus, LLC, seeking "[a]ll records (including leases, loan files, emails, texts, financial statements, and collateral agreements) relating to any transactions between 701 Columbus LLC and Dawnette McLaren from January 1, 2020 to present," including the loan for a property at 152 Cottage Avenue, and all ownership or member records of the organization. (Docket No. 239-1). He also served a subpoena on Warren Cohen, seeking "[a]ll communications, drafts, emails, notes, or records in [his] possession related to the loan transaction between 701 Columbus LLC and Dawnette McLaren concerning 152 Cottage Avenue, Mount Vernon, NY, including the June 28, 2023 Collateral Assignment of Leases and Rents." (Docket No. 239-3). The City Defendants move to quash these subpoenas because they relate to the mortgage and loan that 701 Columbus, LLC issued to Defendant Dawnette McLaren-Nelson. (Docket No. 271 at 1). The City Defendants further explain that Mr. Cohen represented 701 Columbus, LLC, in its transactions with Ms. McLaren-Nelson. (*See id.*). The City Defendants argue that the subpoenas seek information that is "wholly irrelevant to the issues in this case." (*Id.* at 2). In response, Plaintiff maintains that the subpoenas are relevant to his claims, and he moved to preclude the City Defendants' motion to quash, arguing that the City Defendants' objections are untimely, they failed to meet and confer with him about their objections, and they lack standing to move to quash. (Docket No. 276). At the August 1, 2025 Oral Argument, Mr. Cohen and a representative of 701 Columbus, LLC appeared and also objected to the subpoenas.

"In general, only the recipient of a subpoena may move to quash on the grounds of relevancy and undue burden." *Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 293 (E.D.N.Y. 2024) (citations omitted); *see also Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590

(LTS)(HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (collecting cases). However, a party may object to a subpoena issued to a non-party if the party claims a personal right, real interest in, or privilege concerning the documents. *Gilead Scis., Inc.*, 755 F. Supp. 3d at 293. Even where the party lacks standing, "the Court may nevertheless exercise its inherent authority to limit irrelevant or non-proportional discovery." *Id.* at 294 (citation omitted). In addition, "[c]ourts in this Circuit 'have found that individuals[ ] whose banking records are subpoenaed[ ] have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (citations omitted) (finding that non-party had standing to challenge the subpoena issued to a bank seeking banking records to protect its privacy interest, but not due to relevance); *see also Merida Cap. Partners III LP v. Fernane,* 25-CV-01235 (JAV), 2025 WL 1541072, at *5 (S.D.N.Y. May 30, 2025) (finding defendants had standing to move to quash the subpoenas served on financial institutions). Courts will also quash a subpoena where the party's privacy interest "outweighs the probative value of the records sought." *Silverstone*, 650 F. Supp. 3d at 204 (finding the banking records did not have probative value).

      Plaintiff argues that the City Defendants do not have standing to move to quash these subpoenas. (Docket No. 276 at 2). Although the City Defendants acknowledge that they might not have standing, they sought to be heard to "the extent that the subpoenas seek documentation pertaining to [their client, Defendant McLaren-Nelson]." (Docket No. 271 at 2). In addition, Mr. Cohen and a representative of 701 Columbus, LLC appeared at the August 1, 2025 Oral Argument, requested to be heard, and asked to join the City Defendants' motion to quash the subpoenas. Since the subpoenas served on 701 Columbus, LLC and Mr. Cohen seek Defendant McLaren-Nelson's private, financial information, the Court finds that Ms. McLaren-Nelson,

through her counsel, has "standing to move to quash the subpoenas in order to protect [her] confidential information." *Merida Cap.*, 2025 WL 1541072, at *5. Even if the City Defendants do not have standing, Mr. Cohen and the representative of 701 Columbus, LLC have standing to object to the subpoenas served on them.

"In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena." *Brown v. Hendler*, No. 09 Civ. 4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (citation omitted). However, district courts "have broad discretion over the decision to quash or modify a subpoena" and may use this discretion to "consider motions to quash that were not 'timely' filed within the meaning of Rule 45 and applicable case law." *Id.* (internal citations and quotations omitted). In exercising this discretion, courts consider whether the subpoena is defective. *See Bouchard Transp. Co., Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15 Civ. 6586 (PAC), 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015).[4] Although the City Defendants' motion to quash the two subpoenas was not timely filed, the Court will exercise its discretion and consider the motion because the subpoenas seek protected material. *See Olszewski v. Bloomberg L.P.,* No. 96 Civ. 3393 (RPP), 2000 WL 1843236, at *4 (S.D.N.Y. Dec. 13, 2000) (the court exercised its discretion to quash the subpoena because it sought protected materials, even though the motion to quash was not timely filed); *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (collecting cases) ("[A] number of courts in this Circuit have exercised their discretion to

---

[4] Some courts have also exercised discretion to hear an untimely motion to quash when one of the defects was that the subpoena provided less than fourteen days to comply. *See Bouchard*, 2015 WL 6741852, at *2; *see also Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 20 Misc. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020); *see also Brown*, 2011 WL 321139, at *2. Plaintiff served his subpoena on 701 Columbus, LLC on July 3, 2025, (Docket No. 267), and the subpoena had a compliance date of July 15, 2025, (Docket No. 252), which is less than fourteen days. As a result, the Court exercises its discretion to hear the motion to quash the 701 Columbus, LLC subpoena for this reason as well.

consider motions to quash that were not timely filed within the meaning of Rule 45 and applicable case law.").

Moreover, the "record is devoid of any evidence that [the records sought from Warren Cohen Esq. and 701 Columbus, LLC] could have any bearing on the underlying action." *Silverstone*, 650 F. Supp. 3d at 203. Ms. McLaren-Nelson's personal loans have no apparent relevance to Plaintiff's case. Plaintiff maintains that the subpoenas are "directly relevant to [his] Monell, due process, and retaliation claims" because Ms. McLaren-Nelson "signed documents relating to [his] property – some of which were falsified." (Docket No. 276 at 2-3). He also baselessly asserts that the loans Ms. McLaren-Nelson entered into with 701 Columbus, LLC "concern a questionable real estate transaction." (*Id.* at 3). However, Plaintiff has submitted no evidence or proof that Ms. McLaren-Nelson's personal mortgage is connected to his allegations in his civil action. Moreover, Ms. McLaren-Nelson's privacy interest in her personal loan records "outweighs the [limited] probative value of the records sought." *Silverstone*, 650 F. Supp. 3d at 204. The Court finds that the requested records from 701 Columbus, LLC and Mr. Cohen are not relevant to a claim or defense, or "proportional to the needs of the case." *Kaiser*, 2023 WL 2024620, at *1 (citing Fed. R. Civ. P. 26(b)(1)).

Accordingly, the Court grants the motion to quash the subpoenas served on 701 Columbus, LLC and Mr. Cohen, and denies Plaintiff's motion to preclude the City Defendants' motion to quash.

## C. Safety National Subpoena

Plaintiff's subpoena on Safety National requests production of "[a]ll materials related to the investigation" of the claim relating to Plaintiff's property, "including notes, reports, correspondence, and any documents related to the claims." (Docket No. 261). Safety National argues that "[n]one of [the requested] materials are relevant to the claims actually at issue in this

action," and that the subpoena is unduly burdensome. (Docket No. 274 at 1-2). Plaintiff opposes the motion, moves to preclude Safety National's letter, and seeks an order compelling production or a privilege log. (Docket No. 277 at 2). Plaintiff claims the subpoena seeks information that will help reveal "how the City characterized its enforcement actions," "whether Safety National accepted or rejected those characterizations," and "whether the investigation revealed systemic misconduct, retaliation, or pretext." (*Id.* at 2-3). Safety National asserts it should not be compelled to withdraw its letter, as none of the materials the subpoena seeks are "remotely relevant to the claims in this action." (Docket No. 279 at 2).

The Court agrees that the subpoena "plainly seeks materials related to Safety National's investigation into the availability of insurance coverage for the City in connection with Plaintiff's claims," which is not relevant to Plaintiff's civil rights action. (Docket No. 274 at 2-3). Safety National is not a part of this case,[5] and whether or not Safety National properly denied coverage to the City is not relevant to Plaintiff's claims or the City's defenses and, therefore, not a proper topic of discovery. *See Deng*, 2015 WL 9450845, at *2. Plaintiff's stated relevance – that the claims file would reveal how the "City characterized its enforcement actions," whether Safety National accepted or rejected those characterizations, and whether the investigation revealed systemic misconduct, (Docket No. 277 at 2-3) – has no bearing on his civil rights claims. Moreover, Safety National's evaluation of the City's characterizations, as an insurer, would likely not reflect on whether the City engaged in misconduct.

Further, "[w]hether a subpoena imposes an 'undue burden' depends on the relevance of the documents, the need of the party for the documents, the breadth of the document request, the

---

[5] The Honorable Kenneth M. Karas denied Plaintiff's prior motion to join Safety National, finding that Plaintiff lacked standing to assert claims against Safety National. (Docket No. 184 at 34).

time period covered by it, the particularity with which the documents are described, and the burden imposed." *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 14-CV-09371 (KPF)(SN), 14-CV-09764 (KPF)(SN), 2017 WL 9401102, at *1 (S.D.N.Y. Mar. 2, 2017) (citation omitted).  Where discovery is sought from a non-party, the "Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Lockton Partners, LLC v. Stone Point Cap. LLC*, 25 Misc. 102 (JPC), 2025 WL 1699254, at *2 (S.D.N.Y. May 29, 2025) (citing *Blackrock,* 2017 WL 9401102, at *1)).  Here, the subpoena imposes an undue burden on Safety National because (1) the documents sought from Safety National are not relevant to Plaintiff's case and they are not described with particularity; (2) the breadth of the request and time period are broad; and (3) the burden imposed on a non-party by having to participate in discovery far outweighs the limited, if any, probative value of the requested records.

Accordingly, the Court quashes the subpoena served on Safety National,[6] and denies Plaintiff's motion to preclude Safety National's motion to quash.[7]

### III. CONCLUSION

For the reasons set forth herein, the Court grants the motions to quash the subpoenas served on the WCDAO, 701 Columbus, LLC, Warren Cohen, and Safety National, and denies Plaintiff's motions to preclude the City Defendants' and Safety National's motions to quash.

The Clerk of Court is respectfully directed to terminate the pending motions (Docket

---

[6] Given that Safety National has not had to file a formal motion to quash the subpoena, the Court directs Safety National to inform the Court if it still intends to seek sanctions.

[7] Plaintiff has filed a separate lawsuit for coverage against Safety National, Case No. 7:25-cv-03821-KMK-JCM. "Where the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007) (citation omitted)*; see also Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 830624, at *1 (S.D.N.Y. Mar. 9, 2011).  Therefore, the subpoena is also denied to the extent Plaintiff is seeking information in the present lawsuit to use in his lawsuit against Safety National.

Nos. 276, 277).

Dated:   August 15, 2025
         White Plains, New York

                                      **SO ORDERED:**

                                      _____
                                      JUDITH C. McCARTHY
                                      United States Magistrate Judge